# SCHEURICH, Appellant, v. SOUTHWEST MISSOURI LIGHT COMPANY.

**Division Two, July 2, 1904.**

**APPELLATE JURISDICTION: Injunction to Abate a Nuisance.** Where the case is one for the abatement of a public nuisance maintained by an individual, the matters in controversy are not susceptible of a monetary valuation, nor can any test of money value be applied to them, and hence the Court of Appeals has jurisdiction of the appeal from a judgment denying an abatement of the nuisance. This must be the holding, even though the respondent, in its answer, sets up that in the con-

struction of the mill dam, which it is sought to have abated, it had spent over $100,000, because even if the injunction be granted and the nuisance abated, defendant would be entitled to no damages.

Transferred from St. Louis Court of Appeals.

REMANDED TO ST. LOUIS COURT OF APPEALS.

*C. H. Montgomery* for plaintiff.

*Eaton & Loomis* for defendant.

BURGESS, J.—This is an action to recover damages to plaintiff's lands by reason of the construction and maintenance by defendant of a dam across Shoal Creek in Newton county. Authority for this action is contained in section 8750, Revised Statutes 1899, under which plaintiff claimed double damages. From the allegations of the plaintiff's petition it appears that the prayer and demand for a mandatory injunction was an incident to the action for damages.

Plaintiff in his petition, as the basis of his action for double damages, specifically refers to sections 7018 and 7020, Revised Statutes 1889. These are two sections of the chapter on Mills and Milldams, under another section of which plaintiff, in his same action, seeks to abate the dam by a mandatory injunction.

On the trial of the cause in the court below the plaintiff recovered damages in the sum of $150, which was doubled, and the circuit court denied the injunction.

Both plaintiff and defendant in the court below filed motions for new trial and affidavits for appeal. The defendant did not, however, prosecute its appeal from the judgment against it for damages and the judgment of the court below in respect to such damages is therefore final.

One of the issues raised in defendant's answer in relation to the pendency of the proceedings *ad quod damnum* is necessarily out of the case. These proceed-

ings were dismissed by the circuit court, and that judgment has been affirmed by this court.    [Southwest Mo. Light Co., v. Scheurich, 174 Mo. 235.]

It is obvious from this statement that the only question to be considered upon this appeal is with respect to the action of the trial court in overruling plaintiff's motion for a writ of injunction against defendant, enjoining and prohibiting the further maintenance of the dam and obstruction complained of.

The case was appealed by plaintiff to the St. Louis Court of Appeals, when upon motion of defendant it was transferred to the Supreme Court, the Court of Appeals being of opinion, from an inspection of the record, that it was without jurisdiction of the appeal, for the reason that the amount involved exceeded its jurisdiction.

The first question for solution, therefore, is, whether the amount involved is sufficient to confer jurisdiction of the appeal on this court.

There is nothing in the motion for injunction which in any way shows that this court has jurisdiction of this appeal, nor is there anything in the answer which does so, unless it be the allegation that "defendant made extensive improvements in said electric light and power plant, and spent therefor large sums of money, to-wit, more than the sum of one hundred thousand dollars," and we do not think that it does so.

As was said in Kitchell v. Railroad, 146 Mo. 455, "The only ground upon which it can be said that the appeal is properly before us is, that the amount involved in the litigation brings the case within the appellate jurisdiction of this court." It must be remembered that the matter before us is with respect to the action of the court below in overruling a motion for injunction ancillary to a suit for damages, predicated upon the heightening and maintenance by defendant of a public nuisance in the nature of a milldam across Shoal Creek without authority of law. But the character of the pro-

ceeding will not deprive this court of jurisdiction if it is apparent from an examination of the record that the matter in controversy or in dispute between the parties is susceptible of a pecuniary valuation and that such value exceeds the sum of $4,500.

In Kitchell v. Railroad, supra, WILLIAMS, J., in speaking for the court, said:

"The appeal in this case is by the plaintiff from the action of the court in dismissing his bill, and refusing the injunction. Jurisdiction of the appeal must be determined by the value to him of the relief sought and which was denied by the lower court. The value of the right claimed by the appellant, and of which he was deprived by the judgment appealed from, must be the criterion by which to determine whether the appeal should be taken to this court or to the proper Court of Appeals. It must affirmatively appear from the record in order to authorize us to hear and determine such appeal that 'the amount in dispute exclusive of costs exceeds the sum of two thousand five hundred dollars.' This is not shown in the case at bar."

It is held in Youngstown Bank v. Hughes, 106 U. S. 523, that when the jurisdiction depends upon the amount in controversy (as in the case at bar), the matter in question must be money, or some right the value of which can be ascertained in money.

But the case before us being one for the abatement or discontinuance of a public nuisance by an individual, the matter in controversy is not susceptible of valuation, nor can any test of money value be applied, and, in such circumstances, the appellate jurisdiction must of necessity rest in the Court of Appeals, and not in the Supreme Court. Moreover, even if the judgment should be reversed and the injunction granted, defendant would be entitled to no damage, nor could he maintain an action therefor, because no one is entitled to damages if he be lawfully restrained and prohibited from maintaining a nuisance, either public or private.

What we have said is not in conflict with the case of Overall v. St. Louis Traction Company, 88 Mo. App. 175, in which it is ruled that the value of the relief sought determined the jurisdiction, and as it appeared from the record that it could not be of less value under the contract than twelve hundred dollars per annum, and the contract had thirty years yet to run, the value of the relief sought was largely in excess of the jurisdiction of that court, while in the case at bar, there is not, nor can there be, an estimate in money of the value of the relief sought.

With due deference to the conclusion reached by the Court of Appeals our conclusion is that this court has no jurisdiction of this appeal, but that the jurisdiction rests in that court, and that the record herein should be returned to that court. It is so ordered.

All concur.