FRED A. H. GARLICHS AGENCY COMPANY and FRED A. H. GARLICHS, Appellants, v. LEONARD V. ANDERSON.

Division Two, July 17, 1920.

1. **APPELLATE JURISDICTION: No Monetary Judgment: Other Relief.** Where the object of the suit is not to obtain a money judgment, but other relief, the amount involved must be determined by the value in money of the relief to the plaintiff, or of the loss to the defendant should the relief be granted, or *vice versa* should the relief be denied.

2. ————: ————: ————: **Injunction: Record Showing.** In an injunction suit in which no money judgment is sought, appellate jurisdiction is determined by the money value to plaintiff of the object sought to be gained by the bill. And before the Supreme Court will take jurisdiction, it must affirmatively appear from the record that the amount involved brings the cause within its jurisdiction.

3. ————: **Injunction: To Restrain Breach of Contract.** In a suit brought by an insurance agency to enjoin defendant from engaging in the insurance business for five years, in violation of his contract of employment for fifteen years at $140 per month, where no damages are asked, and the only issue is whether defendant has violated his contract, the Supreme Court has no jurisdiction of an appeal from a judgment for defendant.

4. ————: ————: **Gain or Loss: Speculation.** The gain or loss to an insurance agency, and the gain or loss to its former employee, if a judgment restraining him from engaging in like busi-

ness in the same community were rendered or refused, is purely speculative, and jurisdiction cannot be made to rest on such speculation. It is pure speculation to say that because the defendant was to receive $140 per month and the injunction seeks to enjoin him from engaging in the insurance business for five years, his engagement in business for himself during that time would yield $7500.

Appeal from Jackson Circuit Court.—*Hon. Allen C. Southern*, Judge.

REMANDED TO KANSAS CITY COURT OF APPEALS.

*Kendall B. Randolph* and *Brewster, Kelley, Brewster & Buchholz* for Garlichs Agency Company.

*Broaddus & Crow* and *John S. Boyer* for Leonard V. Anderson.

.WHITE, C.—This suit was brought in the Circuit Court of Buchanan County to restrain by injunction the defendant from engaging in the insurance business in Buchanan County. The case went on change of venue to Jackson County, where it was heard and plaintiffs' bill dismissed. The plaintiffs appealed to the Kansas City Court of Appeals and that court sent the case here on the ground that it was without jurisdiction on account of the amount involved. In this court a motion has been filed to remand the case to the Kansas City Court of Appeals for want of jurisdiction in this court, (202 S. W. 260).

The petition states that the Fred A. H. Garlichs Agency is a corporation duly organized, and that the plaintiff Fred A. H. Garlichs is the owner and holder of a majority of the capital stock of said corporation; that the defendant Anderson has been for many years in the employ of the plaintiffs in the general insurance business. It is alleged that on the 22nd day of January, 1916, the plaintiffs and the defendant entered into a contract in writing by the terms of which it was agreed that the defendant, for certain agreed compensation, should work for the plaintiffs in and about their business for a period

of fifteen years and should devote his time to such business to the exclusion of other business and should at all times be faithful to the best interests of plaintiffs' business, and account for all sums of money coming into his hands; the petition then proceeds:

"Said contract further provided that, in case either of the parties to said contract should violate the terms thereof in any material respect, then the other shall have the right to immediately terminate said contract so far as it provided for the employment of said Anderson.

"Said contract further provided that in case Leonard V. Anderson should voluntarily quit the service of said company, or voluntarily terminate his contract as to his employment, or in case the said company should terminate said contract as to the employment of the said Anderson, for any material violation of its terms by him, then in such event the said Anderson will not, at any time, either for himself or as an employee or associate, in any capacity, as a partner or otherwise, with any person or persons, or corporation, directly or indirectly through an office located in Buchanan County, Missouri, or at any other place, engage in any branch of the insurance business, or permit any other person, corporation, or association to use his name in any branch of such business, within the limits of Buchanan County, Missouri, for a period of five years after the termination of said contract."

The petition then alleges that the defendant did materially violate his said contract and was guilty of a breach thereof, and largely overdrew his account with the corporation, and engaged in other employment and did not devote his time to the interest of the corporation, and did not faithfully discharge his duties, etc., and continued:

"Plaintiffs say that by reason of the failure of the defendant to fulfill the terms and conditions of said contract, the said contract was by the plaintiffs terminated on the 25th day of August, 1916; that immediately

after the termination of said contract, defendant did engage, and is now engaged, in the insurance business, and is soliciting insurance, and did seek and obtain employment with one John Albus in connection with the insurance business now conducted by said Albus, and has been and is now associated with said Albus in said insurance business in Buchanan County, Missouri, and has been and is writing and seeking to write and solict insurance in said county and city, to the great and irreparable damages and injury to the plaintiffs, and threatens to, and will continue so to do, in violation of his said contract, and to the injury of plaintiffs, unless restrained and prevented from so doing.''

The plaintiff therefore prayed the court to issue a restraining order enjoining the defendant from engaging in the insurance business in Buchanan County until the 25th day of August, 1921.

The answer of the defendant admits the terms of the contract set out above, denies that the defendant materially violated the contract, avers that the defendant had always complied with all its conditions, denies the plaintiff lawfully terminated the contract on the 25th day of August, and alleges that the plaintiff unlawfully attempted to annul it and to discharge said defendant from the employ of the plaintiffs, and that such action was taken and brought about, not because of any breach of such contract on the part of the defendant, but because the defendant refused to sign a false and fraudulent statement of the condition of the insurance business located in Kansas City, Missouri.

The answer then sets up certain terms of the contract and alleges that the plaintiffs had violated the same so as to relieve the defendant of his obligations under it.

The reply is a general denial.

I.  On the trial of the cause evidence was offered attempting to establish the allegations of the petition and the answer, and it becomes necessary to determine

whether this court has jurisdiction of the cause on ac-
count of the amount involved. Where the
Appellate Jurisdiction. object of the suit is not to obtain a money
judgment, but other relief, the amount in-
volved must be determined by the value in money of
the relief to the plaintiff or of the loss to the defendant
should the relief be granted or *vice versa* should the re-
lief be denied. [Bowles v. Troll, 262 Mo. l. c. 382;
State ex rel. v. Reynolds, 256 Mo. l. c. 718; Kitchell v. Ry.
Co., 146 Mo. 457; McCoy v. Randall, 222 Mo. l. c. 34.]
This applies particularly to injunction suits; the juris-
diction is determined by the money value to the plain-
tiff of the object sought to be gained by the bill. [Bowles
v. Troll, 262 Mo. l. c. 381.] It must affirmatively appear
from the record that the amount involved brings the
cause within the jurisdiction of this court before it will
assume jurisdiction. [Scheurich v. Light Company, 183
Mo. 499; Heman v. Wade, 141 Mo. 600-601.]

It is asserted by the respondent here that the amount
involved is largely in excess of $7500, because the suit
involves the validity, or at least the construction of, the
contract between the parties; the contract was to run for
fifteen years, and the respondent's salary during that
period at the rate provided in the contract, $140 per
month, would be very largely in excess of the juris-
diction of the Court of Appeals. While the construction
of the contract necessarily is involved in this case, this
suit could not fix the amount of damage which the de-
fendant has suffered by reason of his dismissal. That
would have to be determined in another suit brought by
him. The "amount in dispute" in such case would
settle the jurisdiction of the other cause, not this one.
The fact that the pending cause affects collaterally or
incidentally the rights of the parties which must be in-
volved in some other suit does not affect the jurisdiction.
The amount in dispute is the matter to be determined in
the pending suit.

II.  The only matter to be considered in determining jurisdiction is the value which would accrue to the plaintiff should the defendant be restrained from engaging in the insurance business in Buchanan County for five years, or the loss the plaintiff would sustain by reason of the defendant engaging in such a business.  Or if the defendant's gain or loss is to be considered, the question is what would he lose by being prevented from engaging in that business, or what would he gain by continuing in the business during the period of five years.

Gain or Loss.

It is suggested by the Court of Appeals that inasmuch as his services in the plaintiff company were valued at $140 per month, amounting to $8400 in five years, his engaging in business for himself must be worth at least that much and therefore this court would have jurisdiction.  That estimate is not justified.  What is the market value to the defendant of being allowed to engage in the insurance business in Buchanan County for five years?  Would it exceed $1500 a year, or $7500 for five years?  He was willing to work for the plaintiffs for a salary very little in excess of that, on the theory probably that engaging in business for himself he would not earn as much.  To assume that his loss would be as much as his salary would be to assume that he could not engage in any other business or earn any money during that period which would reduce his loss.

To attempt an estimate of the gain or loss to the plaintiff would be pure speculation.  The gain in restraining, or the loss in failing to restrain defendant, is beyond any reasonable calculation.  There is not the slightest fact or circumstance in the record to indicate what it would be.  There is nothing in the record to show that this court has jurisdiction, and the cause is therefore remanded to the Kansas City Court of Appeals.

*Railey* and *Mozley, CC.,* concur.

PER CURIAM:—The foregoing opinion by WHITE, C., is adopted as the opinion of the court.  All of the judges concur.