MAYME MCGREGORY, Appellant, v. JOHN E. GASKILL et al. — 296 S. W. 123.

Division One, May 24, 1927.

1. **APPELLATE JURISDICTION: Amount in Dispute.** This court does not have jurisdiction where the amount in dispute, as shown by the record at the time the case is submitted, is less than $7,500.

2. ———: ———: **Amendment by Stipulation.** Jurisdiction of an appeal cannot be conferred by stipulation of counsel. Where the suit to construe an item of a will by which the testatrix gave to her husband's niece her five shares of stock in a certain company, which five shares, by stock dividends declared, some before the execution of her will and the balance before her death, were increased to 66 shares, and the only issue is whether the niece under said clause took only five shares or 66 shares, and the petition refers to said shares as being of the par value of $100 each, and by the inventory of the estate, offered in evidence, the 66 shares were appraised at $6600, this

court does not acquire jurisdiction, by a stipulation, filed after the cause is submitted, amending the abstract by adding after the words "of the par value of $100 each" the words "of the par value of $125 each," but must take the record as it was made in the trial court, and refuse to assume jurisdiction.

Corpus Juris-Cyc. References: **Appeal and Error,** 3 C. J., Section 125, p. 369, n. 30; 4 C. J., Section 1612, p. 39, n. 3; Section 1620, p. 44, n. 59. **Courts,** 15 C. J., Section 514, p. 1088, n. 22.

Appeal from Circuit Court of City of St. Louis.—*Hon. A. B. Frey,* Judge.

TRANSFERRED TO ST. LOUIS COURT OF APPEALS.

*Harry A. Frank* for appellant.

*William F. Woerner* for respondents.

LINDSAY, C.—This is a suit to construe the will of Maria Haynes, deceased, and particularly the sixth clause of the will, under which the plaintiff is legatee, and which is as follows:

"Sixth: I give and bequeath to Mrs. Mayme McGregory, a niece of my deceased husband, my five (5) shares of stock in the Rome Brass & Copper Company, of Rome, State of New York."

The testatrix, at the time of her death on January 9, 1923, was the owner of sixty-six shares of stock in said Rome Brass & Copper Company, and the sole issue presented is whether plaintiff, by said will, is entitled to only five shares of said stock, or, as she contends, is entitled to all of the sixty-six shares owned by testatrix.

The contention of the plaintiff that the foregoing clause of the will must be construed as a bequest to her of all the shares, rests on the nature of the following antecedent facts, which may be briefly stated. On October 20, 1894, Maria Haynes received from the estate of her husband, then lately deceased, five shares of stock in the said Rome Brass & Copper Company. Afterward, on September 20, 1910, that company declared a stock dividend of 300 per cent. The certificate for the five shares held by Maria Haynes was returned by her to the company and she received a certificate for twenty shares of the stock. Afterward, about February 24, 1920, Maria Haynes executed the will in question. After that, on April 26, 1920, the Rome Brass & Copper Company declared another stock dividend of 200 per cent, and the certificate for twenty shares was returned to the company, and the company issued and delivered to Maria Haynes its certificate for sixty shares of its capital stock. On December 18, 1922, the said company declared another stock dividend of ten per cent; the certificate for

sixty shares was returned to it, and the company issued its six certificates for eleven shares each, on a total of sixty-six shares of its capital stock. These certificates were issued on January 11, 1923, and forwarded by registered mail to Maria Haynes, who, two days previously, had died; and these certificates were received by her executors as part of her estate.

The trial court construed the will and the sixth clause thereof, to mean, that plaintiff should take five shares of said capital stock, and no more, and directed the executors, upon distribution, to deliver to plaintiff five shares of said capital stock, if so much should remain in their hands, with any dividends thereon declared subsequent to the death of said Maria Haynes and received by the executors; and further ordered that the remainder of such shares be delivered to defendant, "Women's Christian Temperance Union," the residuary legatee under said will. The plaintiff was granted an appeal to this court. At the outset, under the state of this record, we are confronted with the question whether this court is vested with appellate jurisdiction herein. The plaintiff's petition refers to said shares as being "of the par value of $100 each." An agreed statement of facts was introduced covering a part of the questions in issue, and in such agreed statement, the shares, the subject of this suit, are referred to as being "of the par value of $100 each." The inventory of the estate, introduced in evidence, describing stocks belonging to the estate, had the item: "Rome Brass & Copper Co., 66 shares, $6600." There is nowhere in the pleadings any allegation of the value of these shares, other than par value, stated to be $100 each, and there is nothing in the evidence, except the like statement. A doubt as to the jurisdiction of this court was expressed from the bench during oral argument. Since submission of the cause, the respective counsel have presented here what they term as a "stipulation of amendment of abstract," whereby they undertake to stipulate that the agreed statement of facts and the abstract filed in this cause, may be amended by adding after the words "of the par value of $100 each," the following words, "and of a reasonable market value of $125 per share."

This is not a suit for a money judgment, and there is no issue in the record conferring jurisdiction upon this court, except it can be shown that "the amount in dispute" is in excess of $7,500. Otherwise, appellate jurisdiction is in the St. Louis Court of Appeals. [Sec. 2418, R. S. 1919.] In a case of this kind, the jurisdiction is determined by the money value to the plaintiff, of the object sought to be gained by her suit. [Marx and Haas Clothing Co. v. Watson, 168 Mo. l. c. 143; Cambest v. McComas Hydro Electric Co., 292 Mo. l. c. 575; Bowles v. Troll, 262 Mo. l. c. 381.] "It must affirmatively appear from the record that the amount involved brings the cause within the jurisdiction of this court, before it will assume jurisdiction." [Vor-

dick v. Vordick, 281 Mo. 1. c. 285; Scheurich v. Light Co., 183 Mo. 499; Heman v. Wade, 141 Mo. 600-601; Garlichs Agency Co. v. Anderson, 284 Mo. 204.] Under these authorities also, it is not for this court to indulge in conjectures as to the actual or market value of these shares of stock upon the mere statement in the record that they are of the par value of $100 each. The subject of dispute on appeal is sixty-one of said shares. We cannot, upon conjecture, say their actual value is greater than their par value, and that the total is in excess of $7,500, and neither can we now, after the submission of this case here, permit counsel, by stipulation, to confer upon this court jurisdiction when the record does not affirmatively show jurisdiction. Jurisdiction cannot be thus conferred by stipulation. [State ex inf. Thompson ex rel. Pugh v. Bright, 298 Mo. 335; Bennett v. Bennett, 243 S. W. 1. c. 769.] In several cases, we have said that since jurisdiction cannot be conferred by consent, this court will examine the record and determine its jurisdiction over the cause; though its jurisdiction is not questioned by either party. [Berniger Moving Co. v. O'Brien, 234 S. W. 807, 240 S. W. 481; Burns v. Prudential Insurance Co., 295 Mo. 680; State ex rel. Lamm v. Midstate Serum Co., 264 S. W. 878; City of St. Louis ex rel. Brick Co. v. Ruecking Construction Co., 212 S. W. 887; In re Letcher, 269 Mo. 147.] "On the state of the record in the court of the first instance depends the question as to which one of the two courts of appeal, the supreme or the appellate court, should have jurisdiction. Hence, the parties must see to it in the trial court that the full showing they wish to rely upon in that regard in the future course of the case, is made." [Addison Tinsley Tobacco Co. v. Rombauer, 113 Mo. 439; State ex rel. v. Gill, 107 Mo. 44.] Also see State ex rel. Electric Light & Power Co. v. Reynolds, 256 Mo. 716. The cause therefore is transferred to the St. Louis Court of Appeals for its determination. *Seddon* and *Ellison, CC.,* concur.

PER CURIAM:—The foregoing opinion by LINDSAY, J., is adopted as the opinion of the court. All of the judges concur.