JAMES H. LEWELLEN, MAGGIE LEWELLEN, ANNIE TAPLEY and W. H. TAPLEY, Appellants, v. SUSIE C. LEWELLEN.—5 S. W. (2d) 4.

Division One, April 11, 1928.

*W. H. Logan* and *W. W. Botts* for appellants.

*Russell E. Holloway* for respondent.

ATWOOD, J.—Appellants were plaintiffs in a partition suit filed in the Circuit Court of Audrain County in which an interlocutory decree was entered, by consent of all parties, ordering a sale of all the land for cash, including the homestead, and reserving disposition of the homestead value for a hearing and determination thereof on final order of distribution.

Respondent is the widow of W. B. Lewellen, who died intestate on April 10, 1923, seized of certain real estate, including said homestead. The deceased's sole surviving heirs were J. H. Lewellen and

Annie Tapley, his brother and sister, respectively, who are appellants herein. It appears that before this suit in partition was filed the widow had duly elected to take one-half of the real estate subject to the payment of the debts of said deceased, that the estate of said deceased had been fully administered, all debts paid, and the administratrix discharged.

Upon approval of the report of sale of all the real estate an order of distribution was entered in said partition suit which, as to disposition of the homestead value, recites that said widow, respondent herein, "is entitled to homestead right in the sum of $1500, she having duly elected to take an undivided one-half interest in said real estate, out of the other half; and that out of the sum of $6817.28 remaining after deduction of the said one-half of said Susie C. Lewellen in proceeds of sale, there be deducted the sum of $1500, she having by stipulation duly filed in the cause, consented to the sale of the homestead, and that its value of the said sum of $1500 be impounded for her use and benefit during her natural life or widowhood, and that the said sum of $2658.64 is the sum to which the said J. H. Lewellen is entitled, and that the sum of $2658.64 is the sum to which Annie Tapley is entitled, after deduction of said sum of $1500 as aforesaid." From this order of distribution plaintiffs applied for and were granted an appeal to this court. Omitting caption and signatures the motion for a new trial setting forth the basis of their appeal is as follows:

"The plaintiffs in the above-entitled cause of action for their motion for a new trial state that the court committed error in the order of distribution entered in said cause, in this:

"That the court over the objection and against the exception of the plaintiffs, by its said order of distribution, caused to be entered as the judgment of the court, the following to-wit:

" 'That, of the net proceeds from the sale of the remainder of said lands, the defendant, Susie C. Lewellen, is entitled to the one-half namely, $6817.22. That from the remaining half there shall be deducted the sum of $1500, leaving the sum of $5317.22 of which the share of plaintiff, J. H. Lewellen, is $2658.61, and of the defendant, Annie Tapley, is $2658.61.'

"And thereupon ordered that the said $1500 impounded and placed in trust for the use and benefit of the said defendant, Susie C. Lewellen, for and during her natural life or widowhood, as her homestead interest in her deceased husband's estate.

"1. Said order and judgment is against the law.

"2. The facts and finding of the court were and are, that said cause is in partition for the sale of real estate which W. B. Lewellen, deceased, late of Audrain County, Missouri, owned at his death. That the estate of W. B. Lewellen has been fully administered upon

and all his debts paid out of his personal estate. That plaintiffs J. H. Lewellen and Annie T. Tapley are his only heirs at law and the defendant is his widow, and made her election to take one-half of his estate. That his real estate sold at public sale for the sum of $14,991, and was worth that sum. That the widow's share in the net proceeds as found by the court and ordered paid to her is $6944.62, the full half of the net proceeds of said sale, after deducting all costs and expenses of said sale. That the said W. B. Lewellen died intestate and left surviving him no descendants in being capable of inheriting from him. That the said sum exceeds many times over the homestead interest of his said widow in said land, and said land, including the homestead interest, was sold by her consent as appears by stipulations duly filed in the cause.

"Plaintiffs say that the court erred in ordering the said sum of $1500 taken from the share of plaintiffs and held for the benefit of the said defendant.

"WHEREFORE, they move the court that so much of said order of distribution as orders $1500 taken from the share of plaintiffs in said proceeds of said sale and held for the use and benefit of defendant for and during her natural life or widowhood, be set aside, and that said sum be ordered paid to the said James H. Lewellen and Annie Tapley, share and share alike."

Counsel on each side apparently assume that we have jurisdiction of this appeal, but jurisdiction "can neither be waived nor conferred by consent of parties." Whether the question is raised by counsel or not it is our duty to determine from the record in each case whether or not we have jurisdiction. [Railroad v. Schweitzer, 246 Mo. 122, l. c. 127.]

From what has already been said touching the record in this case it is apparent that the order of distribution and judgment appealed from in no sense involved "title to real estate." At the time of the rendition of the interlocutory decree it was stipulated and agreed between the parties that the homestead should be sold for cash and the question of the disposition of the homestead value be determined in the order of distribution. The title to the real estate was thus not involved in the order of distribution, which was in the nature of a money judgment only. [Nettleton Bank v. McGaughey's Estate, 318 Mo. 948, 2 S. W. (2d) 771, decided by this court, en banc; Kennedy v. Duncan, 224 Mo. 661, l. c. 666.] It further appears that the only amount in dispute is $1500, the agreed value of the homestead, which is not sufficient to give us jurisdiction of the appeal. [Wilson v. Russler, 162 Mo. 565; May v. Mortgage Trust Co., 138 Mo. 447.]

The record before us fails to disclose any ground upon which we can assume jurisdiction and the cause is accordingly transferred to the St. Louis Court of Appeals for its determination. *Ragland* and *Gantt, JJ.,* concur.