GEORGE J. DREW, ANNE LEWIS DREW, ALEXANDER C. DREW, DOROTHEA BARNETT ARMES and KATHERINE H. DREW, Appellants, v. ANN DREW PLATT, MARGARET DREW WILSON, EMMA DREW CATLIN, FRANCIS A. DREW, ELIZABETH DREW BROWN, MARY ANN DREW, WILLIAM MCREE DREW, TANKERVILLE J. DREW and DOROTHY DREW GREEN.—44 S. W. (2d) 623.

Division One, December 21, 1931.

*Abbott, Fauntleroy, Cullen & Edwards* for appellants.

*Leahy, Saunders & Walther* and *J. L. London* for respondents.

FERGUSON, C.—This suit involves the ownership of an undivided one-third interest in "a certain leasehold for an unexpired term of years of real estate and improvements at the northwest corner of Jefferson Avenue and Chestnut streets" in the city of St. Louis. The pleadings describe the real estate covered by the lease in the general terms and manner above quoted, followed by a more particular description of the property. The term of the lease is not set out and the lease was not introduced in evidence, nor does the evidence disclose the duration thereof. By the will of George I. Barnett, deceased, probated in the Probate Court of the City of St. Louis, on January 4, 1899, the leasehold, an undivided one-third interest in which is in controversy, was bequeathed to his three children, Sarah L. Drew, Emma L. Drew and Absolom J. Barnett, each taking an undivided one-third interest therein. The plaintiffs are all the children and heirs at law of Sarah L. Drew, deceased, and are conceded to be the owners of the undivided one-third interest in the leasehold which was bequeathed to their mother. Emma L. Drew, sister of Sarah L. Drew and owner of one undivided one-third interest in said leasehold, died testate on May 4, 1911. Her will was admitted to probate in the probate court of the City of St. Louis on the 15th day of May, 1911. The defendants are all the children and heirs at law of the said Emma L. Drew, deceased. Under Item 5 of the will of Emma L. Drew, as originally written, the defendants take and are the owners of this undivided one-third interest in the leasehold. However, basing their claim upon an alteration, amendment and interlineation appearing in Item 5 of the will which if considered and taken as a part of the will probated such undivided one-third interest in the leasehold was bequeathed to their mother Sarah L. Drew, plaintiffs claim to be the owners thereof. Counsel for plaintiffs stated to the trial court: "The dispute is over the one-third interest which was conveyed [by the will of George I. Barnett] to Emma L. Drew. The plaintiffs claim to be the owners of this one-third interest and the defendants claim to be the owners thereof. The matter submitted to the court to determine is whether the plaintiffs or the defendants are the owners of it." Title to the real estate covered by the lease is not involved. The cause was tried in the circuit court in the City of St. Louis. The court found and decreed that under the terms of Item 5 of the will of their mother, Emma L. Drew, the defendants were the owners of the undivided one-third interest in the leasehold. Plaintiffs' appeal was granted to this court.

Our jurisdiction of the appeal is not questioned. "Counsel on each side apparently assume that we have jurisdiction of this appeal, but jurisdiction 'can neither be waived nor conferred by the consent of parties.' Whether the question is raised by counsel or not it is our duty to determine from the record in each case whether or not we have jurisdiction." [Lewellen v. Lewellen, 319 Mo. 854, 5 S. W. (2d) 4; Devoto v. Devoto (Mo. Sup.), 326 Mo. 511, 31 S. W. (2d) 805; Cunningham v. Cunningham, 325 Mo. 1161, 30 S. W. (2d) 63.]

We assume that the appeal was granted to this court on the theory that title to real estate is involved. "Is a leasehold for a term of years *real estate?* If so, the title to real estate is involved." [Springfield Southwestern Railway Co. v. Schweitzer, 246 Mo. 122, 151 S. W. 128.] In 35 Corpus Juris, at page 970, it is stated: "Except in so far as the common-law rules may have been modified by statute, terms for years, however long, are chattels real, falling within the classification of personal property." In the Schweitzer case, supra, this court says: "It must be conceded that if a term of years is real estate, it becomes such either by force of common law or by virtue of some statute. Now, at common law a term for years created by a lease was a chattel—a chattel real to be sure, but still a chattel. At the tenant's death such leasehold became an asset in the hands of his administrator and did not go to his heirs. At common law the term 'real estate' did not include a lease (cases cited)." The opinion next refers to our statutes "defining the term 'real estate' in connection with some particular subject-matter and for some particular purpose." The sections of our statutes enumerated (we use section numbers found in Revised Statutes 1929) and the subjects to which they relate are: 1141, Judgments; 1173-1174, Executions; 3052, Conveyances; 4476, Crime and Punishments; 318, Dower; 655, Construction of Statutes; and 9977, Taxation and Revenue. The court then says: "It is enough to say that in Orchard v. Store Co., 225 Mo. 414, they [the above enumerated sections of the statutes] are exhaustively reviewed, expounded and applied. The learning of that case is of the order that leaves no stone unturned, no source of information unexplored, no pains omitted. It must be held, then, that further exposition of those statutes in that regard is set at rest and should not be put on foot and on its legs as a going concern again. We stand by that case. It was there held, as the sum of the matter, that the foregoing statutes have not changed a chattel real from personal property into real estate for the general purposes of the law. In given particulars and for certain defined purposes as, for instance, in the chapter on Conveyances, the term 'real estate' is made to include a chattel real, but not for the general purpose of

administration of the law." The opinion in Orchard v. Store Co., 225 Mo. 414, 125 S. W. 486, referred to and followed in the Schweitzer case, supra, fully discusses the above statutory provisions and also what is now Section 1545, Revised Statutes 1929, in the chapter on Partition. Said section lists "estates for years" among those which may be partitioned among coparceners. The court says: "We do hold that this section does not convert personal property into real estate. It at most provides a method by which the proceeds of a leasehold, not sold in the process of administration, may be distributed or the leasehold itself divided, among the heirs or devisees." The holding in the Orchard case is to the effect that at common law, a leasehold, whatever may be its duration in years, is personal property, and that our statutes do not operate to convert it into real estate. Following the Orchard and Schweitzer cases we hold that since the leasehold in controversy in the present case is, as at common law, personal property, the judgment appealed from does not therefore involve title to real estate and we do not have jurisdiction of this appeal on that ground.

This is not a suit for a money judgment. "The amount in dispute" would be determined by the value in money of the right or interest involved, i. e., the money value of an undivided one-third interest in the leasehold. To bring the appeal within the jurisdiction of this court on that ground, it must affirmatively appear from the record that "the amount in dispute" exceeds the jurisdiction of the Court of Appeals. [McGregory v. Gaskill, 317 Mo. 122, 296 S. W. 123; Gambest v. Hydro Electric Co., 292 Mo. 570, 239 S. W. 477; Garlichs Agency Co. v. Anderson, 284 Mo. 200, 223 S. W. 641.] There is nothing in the pleadings, evidence or judgment showing or tending to show the value in money of the interest in the leasehold which is in controversy or upon which a conclusion as to the value thereof can be predicated. It is not for this court to indulge in conjecture, nor "enter upon a field of calculation with nothing tangible to serve as a basis of computation" as to such value. [Cambest v. Hydro Electric Co. and McGregory v. Gaskill, supra.] As "the amount in dispute" does not affirmatively appear from the record we cannot assume jurisdiction on that ground. None of the other attributes which bring a case within our appellate jurisdiction exist, and since there is nothing in the record before us to show that this court has jurisdiction of the appeal the cause is transferred to the St. Louis Court of Appeals for its determination. *Sturgis* and *Hyde, CC.*, concur.

PER CURIAM:—The foregoing opinion by FERGUSON, C., is adopted as the opinion of the court. All of the judges concur.