EMMA D. McCASKEY v. ELIZABETH A. DUFFLEY and ST. JOSEPH STOCK YARDS COMPANY, a Corporation, ELIZABETH A. DUFFLEY, Plaintiff in Error.—73 S. W. (2d) 188.

Division One, June 12, 1934.

*Arthur M. Beale* and *Jesse F. Anderson* for plaintiff in error.

*Silverman & Strop* for defendant in error.

HYDE, C.—This is an action to determine the present right to collect rentals payable monthly under a fifty-year lease. Only the record proper is brought here for review upon defendant's writ of error. Suit was commenced January 18, 1928, when plaintiff filed a petition claiming to be entitled to all rentals accruing under the lease. The contention here is that this petition failed to show that plaintiff had a cause of action. The undisputed facts, which appear from the pleadings, show that plaintiff was the only child and sole heir of John Donovan, deceased, who owned the land covered by the lease, and that John Donovan leased the land to the St. Joseph Stock Yards Company, January 1, 1906, making the following provisions for the payment of rent:

"Two thousand dollars per year for each year of the full term of fifty years aforesaid in monthly installments of one hundred and sixty-six dollars and sixty-six and two-thirds cents ($166.66 2/3) each, payable on the first day of each and every month of said term in advance; . . . . provided, however, that if, during the said term the said John Donovan should die leaving surviving him a widow, all such installments of rent thereafter accruing during the lifetime of such widow shall be paid to her."

Emma Donovan, the wife of John Donovan and the mother of plaintiff, also executed the lease. Emma Donovan died in 1909 and John Donovan married defendant Elizabeth Duffley in 1910. He died November 18, 1913. After his death, the Stock Yards Company paid the rent each month to Elizabeth Duffley until March, 1929, when, upon filing of an answer and cross-bill of interpleader in this case, it was ordered by an interpleader decree to pay the money into court. The total amount thereafter paid into court was $3,583.36. The lease also granted an option to the Stock Yards Company to buy the land at a stipulated price if John Donovan died without leaving a widow or, if he left a widow, then after the death of the widow. Elizabeth Duffley's answer stated that she was entitled, as the widow of John Donovan, to all installments of rent accruing after his death and during her lifetime; that the Stock Yards Company "was vested with a trust and a trust devolved on them with reference to the payment of rental of said premises to any widow which should survive the said John Donovan if he should die pending the life of said lease;" that plaintiff was barred by the Statute of Limitations because more than ten years had elapsed since the death of John Donovan before she brought suit; that the matter was *res judicata* because there had been a former suit brought by Elizabeth Duffley against plaintiff for the purpose of setting off her dower and setting off all the remaining land of John Donovan, free from dower to plaintiff, in which suit plaintiff here (defendant there) made no claim concerning the real estate, leased to the Stock Yards Company, nor contention that Elizabeth Duffley was not entitled to collect and receive the rents therefrom; and that plaintiff was estopped by her acquiescence in the payment of said rentals to Elizabeth Duffley for more than ten years after the assignment of her dower, because she had been led thereby to make no claim of dower in said leased land so that now her right to do so was barred by the Statute of Limitations.

The court entered a decree finding "that the true meaning, intent and construction of said lease is that the rentals accruing thereunder follow the title to said real estate; . . . that the dower of defendant, Elizabeth A. Duffley, in the real estate of her deceased husband has been assigned to her out of other real estate of said John Donovan, deceased; and that plaintiff, Emma D. McCaskey, is entitled to all rentals accruing under said lease since the institution of this suit;" and ordered and adjudged "that said rentals are payable to plaintiff to the exclusion of defendant, Elizabeth A. Duffley, and all persons claiming by, through or under her; . . . that the clerk of this court pay over and deliver to plaintiff, Emma D. McCaskey, all moneys so received by said clerk from defendant, St. Joseph Stock Yards Company, after first deducting therefrom the costs of this action."

It is apparent from the pleadings that there is no contro-

versy between the parties about the title to the land. All matters as to title to John Donovan's real estate were apparently settled in a prior suit. Elizabeth Duffley makes no claim to the title to the land leased, and does not dispute that *plaintiff*, as the only child of John Donovan, *is the owner of the land subject to the lease.* She asked no affirmative relief. Her contention was that the provision for payment of rent to the widow of John Donovan created a trust. Plaintiff's contention, on the other hand, was that this provision was testamentary in character and was invalid because it did not comply with the statutory requirements for testamentary disposition of property. Elizabeth Duffley only claims to be entitled to the rents from the land during her lifetime and the decree of the court adjudicated only the controversy concerning who was entitled to collect the rent payable under the lease. It is therefore clear that title to real estate is not involved within the meaning of our Constitution so as to give this court jurisdiction of the case. [Art. 6, Sec. 12, Constitution.] It is well settled by former decisions of this court, which gave the matter full and careful consideration, that "a leasehold, whatever may be its duration in years, is personal property, and that our statutes do not operate to convert it into real estate." [Drew v. Platt, 329 Mo. 442, 44 S. W. (2d) 623, 1. c. 625; Springfield Southwestern Ry. Co. v. Schweitzer, 246 Mo. 122, 151 S. W. 128, 131; Orchard v. Wright-Dalton-Bell-Anchor Store Co., 225 Mo. 414, 125 S. W. 486, 494, 20 Ann. Cas. 1072.] This is not even a controversy over the ownership of a leasehold but only over the right to rentals accruing thereunder for a limited period.

Neither does it appear from the record that the amount in dispute is large enough to give us jurisdiction. "To bring the appeal within the jurisdiction of this court on that ground, it must affirmatively appear from the record that 'the amount in dispute' exceeds the jurisdiction of the Court of Appeals. [McGregory v. Gaskill, 317 Mo. 122, 296 S. W. 123; Cambest v. McComas Hydro Electric Co., 292 Mo. 570, 239 S. W. 477; Garlichs Agency Co. v. Anderson, 284 Mo. 200, 223 S. W. 641.]" [Drew v. Pratt, supra.] "Such jurisdiction must so appear at the time the appeal is taken." [Stuart v. Stuart, 320 Mo. 486, 8 S. W. (2d) 613.] The amount shown by the record in this case to have been paid into court was $3,583.36. The amount of the future rentals, the right to which was settled by the decree, was not definite at the time the appeal was taken but depended upon how long thereafter Elizabeth Duffley would live. Therefore, the jurisdiction of this court does not affirmatively appear from the record.

The cause is transferred to the Kansas City Court of Appeals. *Ferguson* and *Sturgis, CC.,* concur.

PER CURIAM:—The foregoing opinion by HYDE, C., is adopted as the opinion of the court. All the judges concur.