EMMA D. McCASKEY, DEFENDANT IN ERROR, v. ELIZABETH A. DUFFLEY, PLAINTIFF IN ERROR.—78 S. W. (2d) 141.

Kansas City Court of Appeals. December 3, 1934.

*Silverman & Strop* for defendant in error.

*Arthur M. Beale* and *Jesse F. Anderson* for plaintiff in error.

SHAIN, P. J.—This proceeding was commenced by a writ of error issued by the clerk of the Supreme Court of Missouri. In compliance with said writ, a transcript of the record was duly lodged in the Supreme Court and on June 12, 1934, the cause was by that court transferred to this court, for the reason that title to real estate was not involved and the amount involved not in excess of the jurisdiction of this court.

A brief history of the case is as follows: The defendant in error, on the 18th day of January, 1923, filed a petition wherein the plaintiff in error and the St. Joseph Stock Yards Company were defendants. A demurrer to the petition was filed by the plaintiff in error and the Stock Yards Company filed answer and cross-bill. The demurrer was overruled and upon hearing a decree on the cross-bill, by way of interpleader, of the Stock Yards Company, was duly entered in favor of said company.

Thereafter, issues were joined by the plaintiff in error, defendant therein, filing answer.

Thereafter, October 7, 1930, a judgment by default was taken in favor of the plaintiff, defendant in error herein, and against the defendant, plaintiff in error herein, and a decree was duly made and entered of record in the circuit court on the above stated date.

Thereafter, December 31, 1930, motion to set aside said judgment was filed by plaintiff in error. This motion was taken up and heard on January 3, 1931, and was by the court denied.

Thereafter, October 2, 1931, the writ of error was issued out of the Supreme Court and the transcript of the record transmitted to that court and thereafter, by order of said court, transmitted to this court, as aforesaid.

No bill of exceptions having been filed, this court must, in the face of the issues as presented, determine the issues raised from the record proper.

The issues presented to this court under assignment are as follows:

"A. The court erred in overruling the demurrer of plaintiff in error to the petition of defendant in error because said petition did not state a cause of action against plaintiff in error.

"B. The decree for defendant in error is not warranted by her petition.

"C. The petition of defendant in error is insufficient to support the decree in her favor."

We set forth herein the petition filed by defendant in error in the circuit court and also the decree of the circuit court in said case.

## "PETITION.

"Plaintiff for cause of action against defendants states that defendant, St. Joseph Stock Yards Company, is a corporation duly organized and existing under and by virtue of the laws of the State of Missouri.

"Plaintiff further states that John Donovan, formerly of Buchanan County, Missouri, but now deceased, at the time of his death owned and was seized of the following described real estate, situate, lying and being in the County of Buchanan and State of Missouri, to-wit:

"Lots one (1), two (2), three (3) and four (4) in block eight (8) in South St. Joseph Town Company's Second Addition to the City of St. Joseph, Missouri.

"That said John Donovan died intestate on the :———— day of ——————; that he left surviving him his widow, Elizabeth A. Donovan; now Elizabeth A. Duffley, defendant herein, and his daughter Emma D. McCaskey, plaintiff herein; that said John Donovan left surviving him no other child or children, or the descendant of any deceased child or children.

"Plaintiff further states that on January 1, 1906, said John Donovan and Emma Donovan, the then wife of John Donovan, made, executed and delivered to defendant, St. Joseph Stock Yards Company, their written lease by the terms whereof said John Donovan and Emma C. Donovan, his wife, let and leased to St. Joseph Stock Yards Company the lands and premises hereinabove described, for a term of fifty years, from and including the first day of January, 1906, at a yearly rental of $2,000 for each year of the full term of fifty years aforesaid, payable in monthly installments of $166.66⅔ each, payable on the first day of each and every month of said term in advance; that among the terms and provisions of said lease is the following, to-wit:

" 'Provided, however, that if during the said term the said John Donovan should die, leaving surviving him a widow, all such installments of rent thereafter accruing during the lifetime of such widow shall be paid to her.'

"Plaintiff further states that said Emma C. Donovan, wife of said John Donovan, at the time of the execution of said lease, as aforesaid, died prior to the death of said John Donovan; that thereafter said John Donovan married defendant, Elizabeth A. Duffley, and that said Elizabeth A. Duffley survived said John Donovan and his widow.

"Plaintiff further states that defendant, Elizabeth A. Duffley, claims to be entitled to rentals accruing under said lease and to all of said rentals, and to have an interest in said lands under and by virtue of said lease and the provisions thereof, hereinabove set forth; that in truth and in fact defendant, Elizabeth A. Duffley, has no interest in or to said lands or the rentals accruing therefrom under said lease.

"Plaintiff further states that defendant, Elizabeth A. Duffley, was not a party to said lease at the time the same was executed, and was not then the wife of said John Donovan, and was not in contemplation of the parties to said lease at the time the same was exe-

cuted, and that none of the parties to said lease intended by said lease or any part thereof to make any provision whatsover for defendant, Elizabeth A. Duffley.

"Plaintiff further states that defendant, St. Joseph Stock Yards Company, is made a party defendant herein because of the fact that it was and is a party to said lease, and so that it may become bound by the decree of the court herein respecting the true construction and effect of said lease.

"Wherefore, plaintiff prays the court to ascertain, determine and adjudge the rights and interests of the parties plaintiff and defendants in and to said real estate under said lease above described; that the court will construe said lease aforesaid and ascertain, adjudge and declare the respective rights and interests of the parties hereto in and under said lease and the rentals accruing thereon; that the court will determine and adjudge plaintiff to be entitled to all rentals accruing under said lease; that if the court deems it proper in this action, the court will ascertain and determine the amount of rentals received by defendant, Elizabeth A. Duffley, under said lease, and order and direct the payment by defendant, Elizabeth A. Duffley, to plaintiff of the amount so found and award plaintiff judgment for such amount against said defendant, Elizabeth A. Duffley, and plaintiff prays for all other further and proper relief.

"STROP & SILVERMAN,

"Attorneys for plaintiff."

A copy of the lease is attached to the petition as an exhibit. However, as the exhibit forms no part of the pleading, we do not include a copy of the exhibit.

"Decree.

"Now on this day, this cause coming on for hearing, plaintiff appearing in person and by Silverman & Strop, her attorneys and the defendant, Elizabeth A. Duffley, although having been duly notified of the institution of this action, as being duly called, comes not but makes default, and the defendant, St. Joseph Stock Yards Company, appearing by Culver, Phillip & Voorhees, its attorneys, and this cause being taken up and submitted to the court, evidence is heard and the court being fully advised in the premises find that John Donovan, formerly of Buchanan County, Missouri, but now deceased, at the time of his death owned the following-described real estate, situated in Buchanan County, Missouri, to-wit: Lots one (1), two (2), three (3), and four (4), in block eight (8) in South St. Joseph Town Company's Second Addition to the City of St. Joseph, Missouri; that said John Donovan left surviving him his widow, Elizabeth A. Duffley, one of the defendants herein, and his daughter, Emma D. McCaskey, plaintiff herein, as his sole and only heirs at law.

"The court further finds that on January 1, 1906, said John Donovan and Emma C. Donovan, his then wife, executed and delivered to St. Joseph Stock Yards Company, a corporation of Buchanan County, Missouri, their written lease to said real estate above described, for a term of fifty years, commencing January 1, 1906. And the court having seen, considered and examined said lease and all portions thereof and the other evidence adduced herein, doth find that the true meaning, intent and construction of said lease is that the rentals accruing thereunder follow the title to said real estate.

"The court further finds that the dower of defendant, Elizabeth A. Duffley, in the real estate of her deceased husband has been assigned to her out of other real estate of said John Donovan, deceased, and that plaintiff, Emma D. McCaskey, is entitled to all rentals accruing under said lease since the institution of this suit.

"It is therefore ordered, adjudged and decreed by the court that the true intent, meaning and construction of said lease is that plaintiff, Emma D. McCaskey, is entitled to all rentals accruing under said lease, and that said rentals are payable to plaintiff to the exclusion of defendant, Elizabeth A. Duffley, and all persons claiming by, through or under her.

"And it is further appearing to the court that defendant, St. Joseph Stock Yards Company, has paid to the clerk of this court all rentals accruing under said lease from and after March, 1929, and that said funds are now in the hands of the clerk of this court, and that in accordance with the finding and decree of the court hereinbefore contained, plaintiff is entitled to said fund, it is therefore, by the court ordered that the clerk of this court pay over and deliver to plaintiff, Emma D. McCaskey, all moneys so received by said clerk from defendant, St. Joseph Stock Yards Company, after first deducting therefrom the costs of this action.

"It is further ordered, adjudged and decreed by the court that defendant, St. Joseph Stock Yards Company, go hence without day and recover of and from plaintiff its costs herein expended."

### OPINION.

The petition in the case presents a departure from the usual method of asserting rights and emoluments in personal property.

The pleading conforms very closely to the provisions of Sections 1520 and 1521 of Article 8, Chapter 7, Revised Statutes of Missouri, 1929. Article 8 is entitled: LAND TITLES, ACTION TO ESTABLISH EVIDENCE OF AND TO PERFECT.

Evidently the litigants and the trial court treated this action as a suit to quiet title to real estate and to determine the right, title and interest of the litigants in and to said real estate. Not only do we so conclude from the pleadings but from the wording of the decree and from the fact that the writ of error, in the first place, was issued out of the Supreme Court. Further, the relief asked is

that the court "determine and adjudge the rights and interests of the parties plaintiff and defendants in and to said real estate unde said lease above described."

It is apparent that plaintiff in said suit, defendant in error herein, asked the court to first determine the title and interest of the parties to the real estate and, based upon that finding, to determine an appropriaion of rentals as the interests may appear. It is further apparent that the trial court purports to do just what the pleader asked to be done in the petition. The trial court found in effect that defendant in error was sole owner of the real estate involved and, based upon such finding, decrees that rentals, accruing under the lease in question, "follow the title to said real estate."

Even though the issues had been joined so as to give jurisdiction to the court to determine title to real estate, the conclusion of the court does not necessarily follow. Rentals do not always follow title. [Landers Inv. Co. v. Brown, 254 S. W. l. c. 15, 300 Mo. 348.]

The suit was tried in the circuit court as a suit in equity. If the petition states a cause of action that clothes the trial court with jurisdiction to render the judgment and decree shown in the record proper, then, had a bill of exceptions been filed, this court could review the evidence and make its own finding of facts. However, in the face of the fact that no bill of exceptions was filed, the presentations in the briefs in this case are presented upon the apparent theory that we decide grave questions of law applicable to the issue. This cannot be done, for the reason that the facts necessary to such end are not presented to us for consideration.

True it is, that a copy of the lease referred to in the pleading is attached as an exhibit. This copy, however, is no part of the pleading. There is nothing, therefore, in the record presented to us that confers jurisdiction on this court to give interpretation to the lease. It, therefore, follows that a great volume of authority, cited on issues that are not before this court, need not be considered by us.

There is evidence presented in the record on the hearing on motion to set aside judgment. The action of the court in denying that motion is not presented as an assignment of error and is not before us, regardless of whether or not the same should be preserved by bill of exceptions.

The above notations are made by way of elimination and to clarify as to the issue we conclude is presented to this court.

The matter presented to this court, we conclude is whether the petition, filed by the defendant in error in the trial court, stated such a cause of action against the plaintiff in error as to give jurisdiction to the trial court to adjudicate and determine her rights to collect and appropriate to her own use the rentals in issue and, if so, does the decree respond to the issue.

The mandate of the Supreme Court, in sending the cause to this court, says:

"It is well settled by former decisions of this court, which gave the matter full and careful consideration, that a 'leasehold, whatever may be its duration in years, is personal property, and that our statutes do not operate to convert it into real estate.' [Drew v. Platt, 329 Mo. 442, 44 S. W. (2d) 623, 1. c. 625; Springfield South-western Ry. Co. v. Schweitzer et al., 246 Mo. 122, 151 S. W. 128, 131; Orchard v. Wright-Dalton-Bell-Anchor Store Co., 225 Mo. 414, 125 S. W. 486, 494, 20 Ann. Cas. 1072.] This is not even a controversy over the ownership of a leasehold but only over the right to rentals accruing thereunder for a limited period."

We confess that the petition before us, as a statement of a cause of action to determine as to the right to rentals accruing under a lease for a limited period, is novel at least. No authority is cited supporting such a procedure for such a purpose, and we are unable to find any authority in support and are left to pass upon the question as one of first impression, in so far as our research goes.

The petition is almost a model statement of a cause of action to quiet title to and determine title and interest in real estate and as adjunct thereto make an adjustment of rentals that are instant to and follow the title.

The petition is peculiar, however, in that the rights and interests in real estate are asked to be determined on a leasehold that is purely personal property.

The plaintiff in error, defendant below, filed an answer in the case and, in defense, pleaded in effect that she did not claim any right, title or interest in the real estate and that she was not asserting any right to the rentals based upon title to the real estate. In such a cause of action, as is stated in the petition herein, a party, who claims no right, title or interest in the real estate and asserts no right based upon title, is not a proper party to the cause stated. We conclude that only such rights as are incident to the fee come within the cause of action as plead and that, therefore, the court acquires no jurisdiction to determine matters of dispute among the litigants that are not incident to the fee.

If this was a case wherein the rentals were incident to the fee or, in other words, where the rentals necessarily follow the title, then the petition states a cause of action against any defendant claiming by such right. However, this is not such a case. If we hold that the petition in this case states a cause of action against the plaintiff in error, then it follows that the decree does not respond to the issue and adjudicates matters outside of the issue, in that plaintiff in error asserting her right on ownership of personal property is declared to have no right in said personal property because she was not owner in the fee of the real estate described in the petition. Such

does not conform to law. [Wolz v. Venard, 253 Mo. 86, 161 S. W. 760.]

The petition in this case is certainly bad, in that it is not a plain and concise statement of the facts constituting a cause of action to determine the rights of litigants to rentals that are purely personal property and wherein the rights to the rentals are not contended for as incident to the title to real estate.

In the record proper, there is set forth the answer filed by the plaintiff in error, wherein is set up a defense of equitable estoppel. The plaintiff in error, defendant in the action below, plead a loss to her of an interest in the real estate in question, which loss is alleged as induced by over ten years acquiescence by defendant in error in the collection of rents by the plaintiff in error.

Such a defense, we conclude, could not properly be adjudicated in a cause of action seeking to determine rights that follow the ownership of title in real estate. The defense itself is a disclaimer of claim of title.

We neither have the power or the purpose to adjudicate matters between the litigants herein. The above is but to state another reason for the conclusion concerning the pleading.

The adjudication of the matter of rentals involved could ordinarily be determined by action at law. If, however, the interpretation of an ambiguous contract is involved or if it can be shown that the plain words of the contract do not express the intent of the parties and the contract is asked to be reformed, then, of course, equity must be resorted to. In any event, there should be a plain and concise statement of facts constituting the cause of action to the end that all proper defenses may be available, and, whether in law or equity, equitable estoppel may be equally available as a defense.

As we conclude that the pleading herein does not meet the requirements above set forth, there is but one course for us to follow. The judgment is reversed. All concur, *Bland, J.*, in the result.