244 S.W.2d 1020 (1952)
THACKER et al.
v.
FLOTTMANN.
No. 42367.
Supreme Court of Missouri, Division No. 1.
January 14, 1952.
*1021 Joseph T. Tate, Owensville, for appellant.
Frank W. Jenny, Union, Theodore P. Hukriede, Washington, for respondents.
VAN OSDOL, Commissioner.
In this action plaintiffs stated their claim of title to all flint, burley and diaspore clay in and on described land in Franklin County.
Their claim of title is based on a written instrument, denominated a "Mining Lease and Option," dated February 4, 1949, whereby William Farrell and Frances Farrell, his wife, owners of the land, granted, demised and leased the described land unto plaintiffs for a term of three years for the purpose of carrying on prospecting and mining operations necessary for the production and transportation of clay found in and on the land.
The instrument provided that if, within a given time for prospecting for clay, the lessees were of the opinion sufficient clay justified "the taking of this lease," the instrument should become a binding lease for the full term of three years. The lessees, plaintiffs, were given the full right of ingress and egress to and from the land to facilitate the mining and transporting of the clay. The lessees agreed to pay the lessors a royalty on the clay removed from the premises. It was further agreed the lessees should have the option, to be exercised within the stated prospecting time, to pay for the amount of clay as might be determined to exist in and on the land; and, upon the exercise of such option and payment, the lessors were to convey such clay to the lessees by appropriate deed.
Plaintiffs prayed the court for a judgment determining that the plaintiffs are the owners of the clay with the right to remove the same, and that defendant has no right, title or interest in and to the clay in and on the described land.
Defendant by answer admitted the execution of the "mining lease and option" by the Farrells as lessors to plaintiffs as lessees, but specifically denied that plaintiffs have any right, title or interest in or to the described premises under the instrument of February 4th. Further answering, defendant stated plaintiffs had abandoned the lease and had surrendered and forfeited any and all right, title or interest in and to the property described in the instrument. And defendant further alleged that, on September 29, 1949, a lease had been executed by the Farrells to defendant as lessee; and that defendant has the sole and exclusive right to all clay to be found in or on the described property.
Defendant prayed the court to dismiss plaintiffs' petition, and to adjudge defendant to be entitled to the full rights and benefits as stipulated in the instrument of September 29th.
The "Lease Contract" of September 29th provided that the lessors "hereby lease to lessee" the described property for one year, the lessee (defendant herein) to have the exclusive right and privilege of entering upon the premises for the purpose of prospecting for, and mining and removing the minerals and clays during the term. The "lease contract" further provided that royalties should be paid on the clay mined and removed from the premises; that, at the termination of the contract or any renewal thereof, the lessee should have the right to purchase all merchantable clay then remaining in or on the premises; and that, if the clay were then purchased, the lessors would execute a deed conveying the minerals and clays to the lessee, defendant herein.
The trial court found for plaintiffs and by its judgment determined that the "mining lease and option" of February 4th "is a valid and binding lease" on the described land, and that defendant "has no right, title, claim or interest" in and to the land. Defendant has appealed, and herein contends the trial court erred in finding and rendering judgment for plaintiffs. *1022 Defendant-appellant asserts the evidence of the acts of the parties compels the conclusion the instrument of February 4th was surrendered by operation of law. It is urged that the evidence shows acts of the parties from which it must necessarily be implied there was an abandonment by the lessees, plaintiffs, and an acceptance thereof by the lessors, the Farrells; and that, consequently, at a subsequent time, September 29th, the Farrells had the right to and did execute a valid lease unto defendant-appellant as lessee.
Defendant-appellant in his brief has made no concise statement of the grounds on which the appellate jurisdiction of this court is invoked. Such a statement is required by Supreme Court Rule 1.08(a) (1). However, the parties, plaintiffs-respondents and defendant-appellant, have the apparent view that this court has jurisdiction to review the case on the ground that "title to real estate" is involved, Section 3, Article V, Constitution of Missouri, 1945, V.A.M.S.; but, before considering the contentions of the parties on the merits of the appeal, we have the duty of examining the record to ascertain if this court has jurisdiction of the appeal, even though the appellate jurisdiction of this court has not been challenged. Harrell v. Surface, 349 Mo. 370, 160 S.W.2d 756, 190 S.W.2d 939.
Concededly the Farrells were the owners of the described land; and, whatever may be the nature of the instruments of February 4th and September 29th, that is, whether the instruments were leases, or contracts or options for leases, it is clear the case involves rights or interests or estates of the maximum duration of terms of years. It would seem the case presents a basic contention as to which of the parties, plaintiffs or defendant, has the right, for a stipulated term, to go upon the Farrell land and mine clay therefrom.
Inasmuch as the respective instruments provide for the right to mine the clay from the Farrell land for stated terms of years, the instruments are not understood as conveying the title to the clay in place in or on the land. Austin v. Huntsville Coal & Mining Co., 72 Mo. 535; Sternberg v. St. Louis Union Trust Co., D.C., 66 F.Supp. 16. Nor did the unexercised options to purchase, contained in the respective instruments, transfer any interest in the land or in the clay in place in or on the land. The options, until exercised, were but rights to elect to exercise the privilege of purchasing the clay. Myers v. J. J. Stone & Son, 128 Iowa 10, 102 N.W. 507; 36 Am.Jur., Mines and Minerals, § 30, pp. 301-302. An option has been defined as "a privilege * * * a right of election to exercise a privilege." Yontz v. McVean, 202 Mo.App. 377, 217 S.W. 1000, 1001; Lively v. Tabor, 341 Mo. 352, 107 S.W.2d 62, 111 A.L.R. 976. It is generally held that, where a lessee is given the right to enter upon land and remove minerals therefrom, the title to the minerals in place is not conveyed, but the instrument of lease confers upon the lessee the right of removing and reducing the minerals to ownership. However, this right constitutes a distinct estate. 36 Am.Jur., Mines and Minerals, § 45, p. 312. We shall examine the nature of this distinct estate.
According to common law, estates are classified, with regard to duration or quantity of interest, as freehold estates and estates less than freehold. Estates less than freehold are regarded as chattel interests, and include leasehold estates or estates for years. Orchard v. Wright-Dalton-Bell-Anchor Store Co., 225 Mo. 414, 125 S.W. 486; Vol. I, Tiffany, The Law of Real Property, § 25, pp. 33-35.
We now again refer to the basic contention in the case at bar, and consider a mere right, as such, to go on the land of the Farrells and mine the clay therefrom. Although B may be conceded to be the owner of Whiteacre, A may own the right to enter thereon and mine clay or coal. We call this right of A an incorporeal hereditamenta mere intangible right issuing out of a corporeal thingbut we distinguish between the incorporeal right and that which it produces. "A, as owner of the right to mine coal from Whiteacre, takes therefrom a carload of coal. The coal is personal property, but that has no *1023 bearing on the character of the right to take the coal. That right is an incorporeal hereditament and is capable of sustaining an estate of inheritance. It is a real property subject. But A's interest may be an estate of inheritance or an estate for years. The only thing which determines whether A's estate in the incorporeal right is real or personal is the duration of or time limit on the estate." (Our italics.) Mills and Willingham, Law of Oil and Gas, § 5, p. 8.
In the instant case the duration of the estate in the contended right of the parties, plaintiffs and defendant, to enter upon and mine clay from the Farrell land is limited to respectively stipulated terms of years as evidenced by the respective instruments of February 4th and September 29th. It must follow that in common-law contemplation the contended right involved (and the estate therein) is a mere "chattel real," and in this respect the right (and the estate in it) is not unlike any lessee's right to use the real property on which the lessee holds a lease.
This court has heretofore held that controversies concerning the validity of a lease or the ownership of a leasehold in real estate do not involve title to real estate in an appellate jurisdictional sense. It has been said that this is because at common law a leasehold, whatever may be its duration in years, is personal property, a chattel real, and our statutes have not operated to convert it into real property. Springfield Southwestern R. Co. v. Schweitzer, 246 Mo. 122, 151 S.W. 128; Drew v. Platt, 329 Mo. 442, 44 S.W.2d 623; McCaskey v. Duffley, 335 Mo. 383, 73 S.W.2d 188; General Theatrical Enterprises v. Lyris, Mo.Sup., 121 S.W.2d 139; Bussen v. Del Commune, Mo.Sup., 195 S.W.2d 666; Blake v. Shower, 356 Mo. 618, 202 S.W.2d 895.
It does not affirmatively appear from the record that the value of the contended leaseholds as evidenced by the respective instruments of February 4th and September 29th would be in an amount in money in excess of $7500, nor was there any showing in the record of the value of the clay on the Farrell land by which it could be determined that this court has appellate jurisdiction of the cause on the ground of "the amount in dispute." See and contrast Aden v. Dalton, 341 Mo. 454, 107 S.W.2d 1070. And none of the other constitutional grounds for invoking the appellate jurisdiction of this court is apparent in the record. See again Section 3, Article V, Constitution of Missouri, 1945. Therefore it is our opinion that this court has no jurisdiction of the appeal.
The cause should be transferred to the St. Louis Court of Appeals.
It is so ordered.
LOZIER and COIL, CC., concur.
PER CURIAM.
The foregoing opinion by VAN OSDOL, C., is adopted as the opinion of the Court.
All of the Judges concur.