BLANCHE HARRELL, Appellant, v. WALTER J. SURFACE, HAZEL R. SURFACE, RUSSELL DESCHAMP, MAYME DESCHAMP, HIMMELBERGER-HARRISON LUMBER COMPANY, HENRY BURLOCK, and BERT WALKER.—160 S. W. (2d) 756.

Division One, April 16, 1942.

*Merrill Spitler, R. F. Baynes* and *Harry Bock* for appellant.

*Robert A. Dempster* and *Bailey & Bailey* for respondents.

BRADLEY, C.—This is an action to foreclose a deed of trust given by defendants, Walter J. and Hazel R. Surface, on 80 acres of land in Stoddard County. The venue was changed to Cape Girardeau County. The trial court found that the lien of the deed of trust had been extinguished by subsequent tax sales, dismissed the petition and plaintiff appealed.

Defendant, Himmelberger-Harrison Lumber Company, held a deed of trust on the land antedating the Surface deed of trust, but that deed of trust was paid off, and the lumber company filed a disclaimer. Defendants, Burlock and Walker, were tenants on the land, and did not answer. Neither did the Surfaces answer. Defendants, Deschamps, husband and wife, answered separately; denied that plaintiff had any right to foreclose, and claimed to own the land free from any claimed lien of the deed of trust.

In chronological order, the facts are as follows: September 17, 1924, plaintiff and John F. Lilly sold the land to defendant, Walter J. Surface, and on same date Surface and wife executed deed of trust on the land to secure a note for $1814.00, due in 10 years, and given as a part of the purchase price of the land. Shortly thereafter, and prior to any tax sale of the land, plaintiff and Lilly endorsed the $1814.00 note and delivered it to Dr. T. P. Fristoe, as collateral, to secure an obligation owed him by plaintiff, but plaintiff obtained the note from Dr. Fristoe before this cause was filed. November 4, 1935, the Little River Drainage District brought suit for delinquent taxes against the land for the years 1930-1934, but neither plaintiff nor Dr. Fristoe was made parties. The drainage tax suit went to judgment and the land was sold under the judgment on December 8, 1936, to the Cornucopia Farms, Inc. November 3, 1937, the land was sold (third sale) under the Jones-Munger law for delinquent state and county taxes, to Harry and Emma Woodruff, and a certificate of purchase was issued to them. January 10, 1938, Cornucopia Farms, Inc., who purchased at the drainage tax sale, conveyed the land to M. G. Gresham, and, on the same day, Gresham conveyed to defend-

ants, Russell and Mayme Deschamp. June 2, 1938, the Woodruffs, who purchased at the sale for state and county taxes, assigned their certificate of purchase to defendant, Russell Deschamp. November 24, 1939, two years after the issue of the certificate of purchase, the collector of Stoddard County executed his collector's deed to defendant, Russell Deschamp, assignee of the certificate of purchase. [See Sec. 11145, R. S. 1939, 12 Ann. Stat., Sec. 9956a, p. 8002.]

At the threshold of the merits we are confronted with the question of jurisdiction. It is stated in plaintiff's brief that the appeal was to the Supreme Court because title to real estate is involved, but it is not shown how title is involved. Our jurisdiction, however, is not challenged, but whether challenged or not, it is our duty, when the question arises, to determine such question. [Perkins v. Burks et al. (Mo.), 61 S. W. (2d) 756.]

The relief sought by the petition is foreclosure and judgment against the Surfaces on the deficiency, if any, after foreclosure. The answer of defendant, Mayme Deschamp, was a general denial. The answer of defendant, Russell Deschamp, pleads the tax sales and the collector's deed as a bar to plaintiff's right to foreclose. The determination of title is not asked by either side. An action to foreclose a real estate mortgage or deed of trust on real estate does not involve title to real estate within the meaning of Sec. 12 of Art. 6, Constitution, so as to give the Supreme Court jurisdiction of this appeal. [Rust v. Geneva Inv. Co. (Mo.), 124 S. W. (2d) 1135, 1. c. 1137, and cases there cited.]

The cause should be transferred to the St. Louis Court of Appeals. It is so ordered. *Hyde* and *Dalton, CC.*, concur.

PER CURIAM:—The foregoing opinion by Bradley, C., is adopted as the opinion of the court. All the judges concur.