STATE OF MISSOURI ex rel. OFFICE OF CIVILIAN DEFENSE SALVAGE COMMITTEE; CITY OF CARTHAGE, JASPER COUNTY, MISSOURI, MOKAN AREA COUNCIL OF BOY SCOUTS OF AMERICA, INC., J. MADISON OWEN, H. L. HUTCHINSON, GLENN METCALF, J. L. BRIDGES, Individuals and Members of CIVILIAN DEFENSE SALVAGE COMMITTEE OF CARTHAGE, JASPER COUNTY, MISSOURI, v. JACK HORNER, WIGGO E. JENSEN and ORVILLE D. KNIGHT, BANK OF CARTHAGE, a Corporation, Appellants.—No. 39112.—184 S. W. (2d) 1002.

Division One, January 2, 1945.

*Roy Coyne, Elza Johnson* and *R. A. Mooneyham* for appellants.

*H. Tiffin Teters, R. A. Esterly* and *Herbert Van Fleet* for respondents.

VAN OSDOL, C.—Appeal from a decree enjoining the disbursement of certain money to any person other than the MoKan Area Council of the Boy Scouts of America, incorporated, a relator-respondent. The suit was instituted by "State of Missouri ex rel. Office of Civilian Defense Salvage Committee; City of Carthage, Jasper County, Missouri, MoKan Area Council of Boy Scouts of America, Inc.," and others.

A dispute had arisen concerning the disposition of a part of the money received in the sale of "scrap" (iron, steel, rubber and other salvage) collected in the war effort at the instance of a salvage committee appointed by the mayor of the City of Carthage, "at the request of the Governor." The scrap collected was sold for the sum of $615, of which sum the disposition of $425 is in controversy in the case at bar. It was the contention of the plaintiff-relators (respondents), and the view of the trial court in entering the decree of injunction, that the MoKan Area Council of the Boy Scouts of America is entitled to the benefit of the $425 of the proceeds of the sale of the

scrap collected. It was alleged in the petition that a majority of the members of the Carthage Salvage Committee had decided the money should be paid to the use of the MoKan Area Council of the Boy Scouts of America, and that defendants "contemplate the expenditure of the aforesaid $425.00 on individuals . . . other than . . . MoKan Area Council of the Boy Scouts of America."

Appellants (defendants) seek to raise five questions in a review of the cause, one of which is—was there a misjoinder of parties plaintiff, it being contended that the State of Missouri has no interest in the controversy.

Appellants have stated in their brief, "The ground on which the Jurisdiction of this *Court is invoked* is because the State of Missouri is a party plaintiff." Respondents have not challenged the jurisdiction of this court; nevertheless, before reviewing the assignments of error, when we are confronted with the question of jurisdiction, we have the duty of examining the record to determine such question, whether the jurisdiction of the court is challenged or not. Harrell v. Surface, 349 Mo. 370, 160 S. W. 2d 756. The Supreme Court only has such jurisdiction as has been *specifically conferred* upon it by the Constitution of Missouri. State ex rel. Wabash R. Co. v. Shain, 341 Mo. 19, 106 S. W. 2d 898, and cases therein cited. Our Courts of Appeal are of general and our Supreme Court is of limited appellate jurisdiction; and the ground for invoking the jurisdiction of the Supreme · Court must affirmatively appear in an examination of the record of the trial court. Odom v. Langston (Mo. Sup.), 159 S. W. 2d 686; Higgins v. Smith, 346 Mo. 1044, 144 S. W. 2d 149.

Section 12, Article VI, Constitution of Missouri; the amendment of Article VI in 1884; and Section 2078, R. S. 1939, Mo. R. S. A., sec. 2078, are held to have encompassed and limited the grounds for invoking the appellate jurisdiction of the Supreme Court. Frank Schmidt Planing Mill Co. v. Mueller, 347 Mo. 466, 147 S. W. 2d 670; State ex rel. Wabash R. Co. v. Shain, supra. Particularly do we note that no provision has conferred upon the Supreme Court the appellate jurisdiction of a civil case on the ground that the State of Missouri is a party to the cause.

We have examined the record of the trial court and no ground for this court's jurisdiction, provision for which has been conferred by the effective constitutional provisions and the section of the statute which we have mentioned, appears. By the use of the words, "Jasper County, Missouri," which are included in that part of the style of the case (and in the petition) which we have quoted supra, we do not understand that Jasper County was joined as a party relator in the case. The words, "Jasper County, Missouri," as used, are no more than indicatory of the location of the party relator-respondent, City of Carthage. We believe that no "State officer" as contemplated by the term as used in Section 12 of Article VI, Constitution of Missouri, is

a party. The members of the *State Council of Defense* are not named as parties. If the *Salvage Committee of the State Council of Defense* was intended to be joined as a relator by the use of the term "Office of Civilian Defense Salvage Committee" in the style of the case and in the petition, then it may be stated that we notice that the members of the committee so intended do not constitute the State Council of Defense which the Governor has created and appointed. (See Laws of Missouri, 1941, page 669, for authority of the Governor ▮▮▮ of Missouri in creating and appointing the State Council of Defense.)

[It is seen that the framers of the (proposed) Constitution of 1945, Section 3, Article V, have submitted that "The Supreme Court shall have exclusive appellate jurisdiction . . . in all civil cases where the state . . . is a party, . . . " We do not imply that this court would or would not have jurisdiction of the case at bar were the proposed Constitution now effective.]

The cause is ordered transferred to the Springfield Court of Appeals. *Bradley* and *Dalton, CC.,* concur.

PER CURIAM:—The foregoing opinion by VAN OSDOL, C., is adopted as the opinion of the court. All the judges concur.