DAVID R. BLAKE and BETTY HAMMEL BLAKE, Co-Partners, d.b.a. THE CONTINENTAL DEVELOPMENT and ENGINEERING COMPANY v. CONRAD SHOWER and EVA SHOWER, Appellants.—No. 40161.—202 S. W. (2d) 895.

Division One, June 9, 1947.

*Edward K. Schwartz* for appellants.

*G. M. Rebman* for respondents.

VAN OSDOL, C.—Action instituted by plaintiffs for specific performance of an alleged agreement whereby defendants were to

accept plaintiffs as tenants of the first floor and basement of a five-story building in St. Louis, and for other relief. The trial court found "plaintiffs herein became vested with an interest in the (described) real estate . . . and more particularly with an interest in and to the first floor and basement in said property for a period of two years starting from February 21, 1945, at a rental of $250.00 per month, and ending February 20, 1947, all in accordance with that certain memorandum of agreement dated the 20th day of February, 1945 (Plaintiffs' Exhibit 6)." The trial court ordered defendants to specifically perform the agreement by giving plaintiffs peaceable possession of the first floor and basement, on condition plaintiffs pay rental as set out in the agreement. The trial court by its decree further adjudged an adjustment of rental moneys to the sum of $250 per month, rendering judgment for plaintiffs in the sum of $150, an excess amount paid as rental, and enjoined defendants from further prosecuting actions to recover rent in sums greater than $250 per month. Defendants have appealed.

The evidence shows plaintiffs, who were originally the owners, entered into a contract under date of January 6, 1945, to sell the building to defendants. Pending the consummation of the contract by the delivery of plaintiffs' warranty deed, dated February 20, 1945, plaintiffs became desirous of continuing in possession of portions of the building as tenants of defendants and negotiated with defendants with the view of procuring a lease. Plaintiffs were residents of Detroit, and negotiations were carried on, at least in part, by correspondence between plaintiffs and defendants' agent at St. Louis. On the day after plaintiffs conveyed the title to defendants, the defendants' agent mailed plaintiffs the alleged "agreement," Plaintiffs' Exhibit 6 (dated, as stated, February 20, 1945), signed by defendants. This exhibit, in so far as its language is material herein, reads as follows,

"In consideration of your delivering to my Agent, T. J. Mullin of Mullin-Walters-Realty Co., the Warranty Deed properly signed by Mr. David R. Blake and his Wife, covering (described) property . . . the undersigned agree to accept your Company, as a tenant, covering the first floor and basement in the above described building, for a period of Two (2) years, starting from February 21st, 1945, you to pay a rental of $250.00 per month . . ."

It is contended by defendants-appellants, (1) the agreement is unilateral, lacking in mutuality of obligation and unenforceable; (2) considered as an instrument of lease, the agreement is unenforceable because of the provisions of Section 3352 R. S. 1939, Mo. R. S. A. sec. 3352, since the instrument is unsigned by plaintiffs; (3) properly, the agreement should be construed with documents enclosed with it when mailed to plaintiffs and, if so construed, the agreement required plaintiffs and defendants to execute an enclosed form of written

instrument of lease; (4) and, even though a tenancy for years became vested in plaintiffs, the tenancy was subsequently abrogated and terminated by the mutual consent of the parties. On the other hand, it is contended by plaintiffs-respondents that Plaintiffs' Exhibit 6, when considered with other writings introduced into evidence, "constitutes a present contract of renting" and creates an estate in land; and that under the evidence there has been no voluntary abandonment of the premises by plaintiffs, nor has there been a termination of the tenancy by mutual consent.

From these general statements of the issues, of the facts, of the contentions of the parties, and of the trial court's decree, it seems to us the controversy herein involved is on the question whether plaintiffs have the rights of ownership of a leasehold estate (an estate for years) in defendants' land, which rights a court of equity should recognize and enforce by decree.

Defendants-appellants, in making a statement in their brief of the grounds on which the appellate jurisdiction of this court is invoked [as required by Supreme Court Rule 1.08 (a) (1)], have said this court has jurisdiction of the appeal because the case involves title to real estate. Plaintiffs-respondents have not challenged this court's jurisdiction of the appeal; nevertheless, before reviewing the contentions of the parties upon the merits of the appeal, we have the duty of examining the record to determine this court's jurisdiction of the appeal, whether jurisdiction is challenged or not. Fanchon & Marco Enterprises v. Dysart, Mo. Sup., 189 S. W. 2d 291; Harrell v. Surface, 349 Mo. 370, 160 S. W. 2d 756.

It has been held that an action involving the ownership of an undivided interest in a leasehold for a term of years in real estate is not a case involving title to real estate within the meaning of the constitutional provision (Section 5, Amendment of 1884, Article VI, Constitution of Missouri, 1875; see now, Section 3, Article V, Constitution of Missouri, 1945) giving this court exclusive appellate jurisdiction in cases involving title to real estate. Drew v. Platt, 329 Mo. 442, 44 S. W. 2d 623. It has also been ruled that, where the issue is the validity of a lease of real estate, title to real estate is not involved within the meaning of the constitutional provision. General Theatrical Enterprises v. Lyris, Mo. Sup., 121 S. W. 2d 139. See also McCaskey v. Duffley, 335 Mo. 383, 73 S. W. 2d 188, wherein it was held this court had no appellate jurisdiction of a case in which the trial court adjudicated a controversy concerning who was entitled to rentals payable (in amount not in excess of $7500) under a lease. For an action to involve title to real estate in the constitutional sense, the judgment sought or rendered must directly affect or operate upon the title itself. State ex rel. Brown v. Hughes, 345 Mo. 958, 137 S. W. 2d 544; Nettleton Bank v. McGaughey's Estate, 318 Mo. 948, 2 S. W. 2d 771. A controversy concerning a leasehold estate does not involve

title to real estate in the appellate jurisdictional sense, because at common law a leasehold estate, whatever may be its duration in years, is personal property, a "chattel real"; and it has been said our statutes have not operated to convert it into real property. Orchard v. Wright, etc., Store Co., 225 Mo. 414, 125 S. W. 486; Springfield Southwestern R. Co. v. Schweitzer, 246 Mo. 122, 151 S. W. 128; Drew v. Platt, supra. In the case at bar, plaintiffs have sought to establish and enforce their rights as tenants for the determinate term of two years (that is, their alleged rights as owners of an estate for years) by a decree of specific performance. By their warranty deed they had conveyed their title to the real property. They were not seeking to recover the title conveyed, nor were they seeking any relief whereby the title might be directly affected. Title to real estate was not in issue. There was no actual controversy concerning the ownership of real property. The controversy concerned the ownership of personalty. By its decree the trial court substantially granted the relief prayed by plaintiffs. The decree did not divest defendants' title to the property and vest the title in plaintiffs. The decree did not directly bear upon and affect the title. It is true the trial court decreed, "the plaintiffs herein became vested with an interest in the real estate," but the decree continues and states, "and more particularly with an interest" in parts of the property for a term of "two years" at a monthly "rental." Estates for years are indeed considered estates or interests in land; but, being estates less than freehold, they are classified, as stated, as "chattels real." Orchard v. Wright, etc., Store Co., supra; Vol. I, Tiffany, The Law of Real Property, sec. 73, pp. 108-9. On the face of the decree, therefore, it is apparent there was no determination of title to real estate. By the decree the court determined plaintiffs had become vested with an estate for years in defendants' land. (The value to plaintiffs in money of the granted relief of specific performance and injunction in addition to the amount of the money judgment rendered plaintiffs, or the loss to defendants because of all of the relief granted plaintiffs, does not affirmatively appear in the record to be in excess of $7500, exclusive of costs.) And since none of the other grounds for this court's exclusive appellate jurisdiction (see again, Section 3, Article V, Constitution of Missouri, 1945) appears in the record, it is held this court has no jurisdiction of the appeal. General Theatrical Enterprises v. Lyris, supra; Drew v. Platt, supra.

The cause should be transferred to the St. Louis Court of Appeals. It is so ordered. *Bradley* and *Dalton, CC.,* concur.

PER CURIAM:—The foregoing opinion by VAN OSDOL, C., *is* adopted as the opinion of the court. All the judges concur.