CHARLES J. RILEY, Plaintiff (Appellant), v. JOSEPH F. HOLLAND, LEMOINE SKINNER, JR., and HARRY SIMMONS, as Members of the Civil Service Commission of St. Louis, THE CITY OF ST. LOUIS, a Municipal Corporation, and JOSEPH M. DARST, Mayor of St. Louis, Defendants (Respondents), No. 42397—243 S. W. (2d) 79.

Division One, November 12, 1951.

*Raymond F. McNally, Jr.,* for appellant.

*James E. Crowe,* City Counselor, and *John P. McCammon,* Associate City Counselor, for respondents.

684

HYDE, J.—Proceeding to review order of the Civil Service Commission of the City of St. Louis, brought under the Administrative Procedure and Review Act. (Chap. 536, R. S. 1949.) The Circuit Court affirmed the order of the Commission finding that plaintiff had a definite term of office which had expired, and he has appealed. We have jurisdiction under Sec. 3, Art. V of the Constitution because the City is a party in its governmental capacity (because of the office involved) as a political subdivision of the State.

Plaintiff was Director of Public Safety from April 17, 1945 to June 21, 1949, on which latter date the appointee of the new Mayor (who took office in April 1949) qualified for the office. Prior to April 1945, plaintiff was Executive Secretary to the Mayor. The question for decision is whether plaintiff had indefinite tenure under the civil service provisions of the City Charter (Amended Article XVIII) and was not subject to removal except for cause under the rules of the Commission. This depends upon whether Sec. 1, Art. VIII of the Charter remains in full force and effect.

Section 1, Article VIII is as follows: "The Mayor shall appoint the following ▇▇▇ officers at his convenience, to hold for the term for which he was elected and until their successors qualify: Assessor, Collector, Treasurer, Supply Commissioner, Register, City Counselor, City Marshal, City Court Judges, Clerk of City Courts, President Board of Public Service, Director of Public Utilities, Director of Streets and Sewers, Director of Public Welfare and Director of Public Safety."

Plaintiff contends this provision of the Charter is repealed by implication by reason of being in conflict with provisions of new Article XVIII, also referred to as the Civil Service Amendment. The repealing clause of the Civil Service Amendment was: "All provisions of the City Charter and ordinances and rules thereunder, or parts

thereof, inconsistent with this amendment, are hereby repealed." However, defendants say there is no conflict between Article XVIII and Section 1 of Article VIII, and that they can be harmonized so that both can stand. The rules of construction in such a situation are as follows: "Repeals by implication are not favored—in order for a later statute to operate as a repeal by implication of an earlier one, there must be such manifest and total repugnance that the two cannot stand; where two acts are seemingly repugnant, they must, if possible, be so construed that the latter may not operate as a repeal of the earlier one by implication; if they are not irreconcilably inconsistent, both must stand." (State ex rel. George B. Peck Co. v. Brown, 340 Mo. 1189, 105 S. W. (2d) 909.) We think that Sec. 1 of Art. VIII does harmonize with the Civil Service Amendment.

 Amended Article XVIII places all city officers and employees in the classified service except members of boards and those in other positions serving without compensation and officers and employees of the Board of Aldermen. (Sec. 1(m).) However, the classified service is divided into competitive positions (Sec. 1(f)) and excepted positions. As to the latter, Sec. 1(h) provides: " 'Excepted position' means any position in the classified service not subject to the provisions of this Article requiring competitive tests of fitness for appointment and such other provisions as, by their terms, apply specifically to competitive positions alone. *All such positions, however, shall be subject to all the other provisions of this Article insofar as consistent with law and with this exception.* The following described positions, and no others, shall be deemed to be excepted positions:

(1) all positions filled by election by the people;
(2) all positions of heads of principal departments and of independent agencies, that are filled by appointment by the Mayor;
(3) one position of executive secretary and one position of secretary and stenographer to the Mayor;
(4) all positions of paid members of boards;
(5) all officers and employees of the Board of Aldermen."

(It will be noted that employees of the Board of Aldermen are placed in both the classified and unclassified service.)

Section 3 provides for rules to be adopted with relation to the classified service, covering various matters many of which are specified as applying to the competitive service, including such matters as a systematic classification plan, a systematic compensation plan, determination of merit and fitness for appointment, promotion, demotion, transfer, reinstatement, reemployment, temporary appointment, rating standards, welfare programs, leaves and holidays, fines and suspensions, resignations, and a retirement system. Subsection (f) thereof provides for rules "for indefinite tenure of employment in positions in the classified service during meritorious service, *except*

*in cases for which definite terms are prescribed by law or charter,* and except in cases of temporary appointment hereunder, but with due provision for layoff on termination of the need for employment in any position, or of funds available therefor.'' (All italics ours.)

Plaintiff relies very much on the italicised sentence of Section 1(h) and on Section 2 which states the purpose of Article XVIII (''to provide a modern comprehensive system of personnel administration for the City'') and which also states as one of its basic requirements: ''All appointments and ▇ promotions to positions in the service of the City and all measures for the control and regulation of employment in such positions, and separation therefrom, shall be on the sole basis of merit and fitness, which, so far as practicable, *shall be ascertained by means of competitive tests,* or service datings, or both.'' Section 2 further states that ''the City service, so far as practicable, shall be made attractive as a career.''

Considering the Civil Service Amendment as a whole, we think the reasonable construction of the provisions for indefinite tenure and for appointments and promotion on the sole basis of merit and fitness, ascertained by means of competitive tests, is that they apply only to the competitive positions in the classified service and do not apply to the excepted positions. This must be true from the very nature of these excepted positions. The Mayor is elected by the people for a term of four years and must choose his principal executive officers promptly. His power of appointment of heads of principal departments is unconditionally recognized by Section 1(h). No limitation on this power was specifically stated anywhere in the Civil Service Amendment. Certainly, also it seems a reasonable construction that his right to appoint an executive secretary and personal stenographer is also recognized. The provisions for civil service rules specifically excepts from the indefinite tenure requirement, by Section 3(f) ''cases for which definite terms are prescribed by law or charter.'' This seems to us to be a clear recognition of Sec. 1 of Art. VIII as remaining in full force and effect, as does Section 1(h) by making these positions described in it excepted positions ''not subject to the provisions * * * requiring competitive tests.'' Just what ''other provisions'' were intended by the italicised sentence of Section 1(h) must be decided in each particular situation as it arises.

Plaintiff also relies on two New Jersey cases, Davaillon v. City of Elizabeth, 2 Atl. (2d) 369 and City of Camden v. Civil Service Commission, 29 Atl. (2d) 733, 33 Atl. (2d) 900. One of these cases involved an assistant city clerk and the other an assistant city counsel. Such positions would be competitive under Section XVIII of the St. Louis Charter and were held to be under the New Jersey law. These cases involved cities operating under a state civil service statute. In the Davaillon case, the City undertook by ordinance to create the position of Assistant City Clerk with a three year term.

The Court held that the position did not come within the exempt class fixed by the State law and so "automatically falls into the competitive class", which provided indefinite tenure. The ordinance fixing a definite term was held to be void because in conflict with the State law. In the City of Camden case, the power of the Civil Service Commission to nullify the dismissal of an assistant city counsel and order his reinstatement was upheld on the authority of the State law. These cases do not aid us in the construction of the St. Louis Charter. As plaintiff suggests: "The primary rule of construction of statutes is to ascertain the lawmakers' intent, from the words used if possible, and to put upon the language of the Legislature, honestly and faithfully, its plain and rational meaning and to promote its object, and the manifest purpose of the statute, considered historically, is properly given consideration." The excepted positions in Sec. 1(h) are very similar to those set out in Sec. 3 of old Article XVIII of the Charter, prior to the adoption of the Civil Service Amendment, and which were appointive without restriction. Our conclusion is that no intent to repeal Sec. 1, Art. VIII appears from a faithful and reasonable construction of the Civil Service Amendment; and that the excepted positions, set out in Section 1(h) thereof, were not intended to be subject to the indefinite tenure provisions; and we so hold.

As to plaintiff's contention that he was entitled to accrued vacation leave, we hold that this could not apply beyond the end of the term of a fixed term office such as plaintiff held as Director of Public Safety. Whether or not it could apply to the office of Executive Secretary to the Mayor is not before us for decision because plaintiff voluntarily gave up that office when he accepted appointment to his definite term █ office, in which he served four years. We find nothing in the Civil Service Amendment or rules authorizing reinstatement to an excepted position in such a situation.

The judgment is affirmed. All concur.