262 S.W.2d 1 (1953)
HOLLAND et al.
v.
CITY OF ST. LOUIS.
No. 43710.
Supreme Court of Missouri, Division No. 2.
November 9, 1953.
*2 Kenneth Teasdale, St. Louis, Cobbs, Blake, Armstrong, Teasdale & Roos and Charles E. Dapron, Jr., St. Louis, of counsel, for appellants.
Albert Miller, St. Louis, for respondent.
BOHLING, Commissioner.
The members of the Civil Service Commission of the City of St. Louis, in their official capacity, instituted this action against the City of St. Louis for a declaratory judgment as to whether they have authority under Article XVIII of the City Charter to recommend a salary for any officer or employee of the city in the "classified service" in excess of the maximum of $10,000 per annum prescribed by § 8 of Article VIII of said Charter. Plaintiffs appealed from an adverse judgment. The question of our jurisdiction has been presented. We briefly outline the Charter provisions considered material.
The Charter of the City of St. Louis was adopted in 1914. Revised Code, St. Louis, 1948, p. 10.
Article VIII of the Charter is entitled "City Officers and Employees."
Section 7 of Article VIII provides: "The board of aldermen shall by ordinance fix or provide for the fixing of salaries or compensation of officers and employes, jurors and witnesses subject to the provisions of this charter. * * * All salaries or compensation under the classified service shall be uniform for like service. * * *."
Section 8 of Article VIII provides: " * * * Salaries fixed in this charter at a certain sum shall be construed to mean not less than such sum, but no salary under the city shall exceed ten thousand dollars per annum * * *."
The purpose of new Article XVIII of the City Charter, adopted in 1941 to replace old Article XVIII, was to provide a modern and comprehensive system of personnel administration for the city (§§ 2, 5), a true civil service system for the classified service of the city. The Mayor was authorized to appoint a Civil Service Commission of three members (§6) and a Director of Personnel (§ 8).
Section 1 of Article XVIII defines the terms used in said article. Subsection (b) provides: "`City service' or `service of the city' means all positions as herein defined, that are subject to control and regulation by the City of St. Louis as a municipal corporation or any of its officers or other agencies as such." (Emphasis ours.) Subsection (d) provides: "`Classified Service' means all positions in the city service except those specifically placed in the unclassified service as herein defined." Subsection (m) provides: "`Unclassified service' means all positions not subject to the provisions of the charter, ordinances and civil service rules relating exclusively to positions in the classified service," naming members of boards and others in positions serving without compensation and officers and employees of the Board of Aldermen. As we read said § 1, the classified service is divided into "competitive" positions (Subsec, (f), and "excepted" positions (Subsec. (h), that is, principally positions not *3 subject to the provisions requiring competitive tests of fitness for appointment, as among others, positions filled by election by the people.
Under § 7 the Commission is (a) to prescribe and amend, as occasion arises, rules for the administration and enforcement of the article and ordinances adopted in pursuance thereof; "(b) to recommend to the mayor and aldermen in accordance with this article, ordinances to provide for: (1) a compensation plan providing properly related scales of pay for all grades of positions, and rules for its interpretation and application; * * * (4) such other matters within the scope of this article as require action by the mayor and aldermen * * *."
Section 4 of Article XVIII provides: "The Mayor and Aldermen shall provide, by ordinance: (a) for adoption of a comprehensive compensation plan for the fixing of rates of pay of all employes in the classified service, and amendments thereto, on recommendation of the Civil Service Commission * * *."
The civil service rules (§§ 3, 7) and ordinances fixing the rates of pay of employees (§ 4) apply to positions in the "classified service."
Section 28 of Article XVIII provides: "All provisions of the city charter and ordinances and rules thereunder, or parts thereof, inconsistent with this amendment, are hereby repealed."
It is contended that we have jurisdiction by virtue of § 3, Art. V, Mo.Const., V.A.M.S., fixing appellate jurisdiction here in civil cases where "any county or other political subdivision of the state * * * is a party," stressing the first two cases next mentioned.
Riley v. Holland, 362 Mo. 682, 243 S.W.2d 79, 80[1], was an action to review an order of the Civil Service Commission of the City of St. Louis finding that plaintiff had a definite term of office which had expired, and we accepted jurisdiction on the theory the city was a party in its governmental capacity, as a political subdivision of the State.
City of Springfield v. Clouse, 356 Mo. 1239, 206 S.W.2d 539, 545 [8 et seq.], involved a construction of § 29, Art. I, of the Constitution of Missouri, which vested appellate jurisdiction in this court. The instant case, as did City of St. Louis v. Butler Co., 358 Mo. 1221, 219 S.W.2d 372, 373[1], 379[8-10], involves a construction of the St. Louis City Charter.
Our Courts of Appeals are courts of general appellate jurisdiction and this court is a court of limited appellate jurisdiction, having only such appellate jurisdiction as is specifically conferred by the Constitution of Missouri. Mo.Const., Art. V, §§ 3, 13; State ex rel. Office of Civilian Defense Salvage Committee v. Horner, 353 Mo. 838, 184 S.W.2d 1002, 1003[2, 3]; Higgins v. Smith, 346 Mo. 1044, 144 S.W.2d 149. As a result, our appellate jurisdiction is to affirmatively appear from the record made in the trial court. It must rest on a matter or matters of substance, not merely of color, and may not be based on speculation and conjecture. Gruet Motor Car Co. v. Briner, Mo., 224 S.W.2d 73, 76; Little River Drainage District v. Houck, 282 Mo. 458, 461, 222 S.W. 384, 385; McManus v. Burrows, 280 Mo. 327, 217 S.W. 512, 515[4, 5]; Higgins v. Smith, supra. The pleadings continue to be of great utility in determining this issue. Gerber v. Schutte Inv. Co., 354 Mo. 1246, 194 S.W.2d 25, 28.
It stands determined that the City of St. Louis when a party to a civil action involving some municipal function (the same as other municipalities) is not acting as a "county or other political subdivision of the state" so as to vest appellate jurisdiction here.
The fact that the City of St. Louis, in the operation and maintenance of city hospitals, exercises governmental or public functions does not vest appellate jurisdiction of an action to which the city is a party in this *4 court, as in so acting the city discharges a municipal governmental function and not some governmental function of a county. McClellan v. City of St. Louis, Mo.App., 170 S.W.2d 131, 133[1-3], an action by a hospital superintendent to recover allowances allegedly due for residence, lighting, heating and laundry under an ordinance.
City of St. Louis v. Smith, 360 Mo. 406, 228 S.W.2d 780, 784[2, 3], involved the liability of the city for compensation to a large number of its civil service employees and the construction of § 26(a), Art. VI, of the Missouri Constitution, V.A.M.S. Wessler v. City of St. Louis, Mo.App., 242 S.W.2d 289, 290[1], was a second appeal arising out of the same proceedings, and the Court of Appeals, retaining jurisdiction because of absence of grounds vesting jurisdiction here, considered that the city was sued in its municipal capacity and not as a political subdivision of the State.
The City of St. Louis in a condemnation suit is involved only as a municipal corporation. City of St. Louis v. Essex Inv. Co., 356 Mo. 1028, 204 S.W.2d 726, 728[1]; City of St. Louis v. Butler Co., supra. Consult also Lovins v. City of St. Louis, 336 Mo. 1194, 84 S.W.2d 127; Fischbach Brewing Co. v. City of St. Louis, 337 Mo. 1044, 87 S.W.2d 648, 649[1]; City of St. Louis v. Friedman, 358 Mo. 681, 216 S.W.2d 475, 476[1]; City of St. Louis v. Gottschall, Mo.App., 121 S.W.2d 239, 241[6].
In the instant case the record discloses that there has been no recommendation by the Civil Service Commission to the Mayor and Aldermen of the city for or the adoption of any ordinance authorizing the payment of a compensation in excess of $10,000 per annum to any employee, class or grade of employees of the city. The fact that some employees in the "classified service" may perform services of a governmental nature does not establish that they discharge county as distinguished from municipal governmental functions. We conclude that the instant record does not affirmatively establish that the City of St. Louis is a party to this suit in its capacity as a county or other political subdivision of the State.
It is also said: "The amount involved exceeds the sum of $7,500.00." They stress testimony of record, introduced over objections interposed, to the effect that in the event § 8 of Article VIII be adjudged to have been repealed by Article XVIII of the Charter the Civil Service Commission would recommend that the annual compensation of some employees in the classified service be raised in amounts above the $10,000 annual maximum limitation of said § 8 aggregating more than $7,500 per annum. We need not discuss whether a consideration of this testimony would smack of first passing on a controverted matter to determine the issue of appellate jurisdiction. The instant action does not involve any "amount in dispute" between the parties to the action. The issue for determination calls solely for a construction of the Charter of the City of St. Louis, and no judgment should be entered except to uphold or invalidate said § 8. Such judgment will not operate directly to benefit or damage either party in any sum. As stated, there has been no recommendation by the Commission or any ordinance enacted authorizing the payment of any compensation in excess of $10,000 per annum. Under the instant record: "We are on firmer ground in holding, as we do, that the appellate jurisdiction of this court, on the ground of the amount in dispute, attaches when, and only when, the record of the trial court affirmatively shows that there is involved in the controversy, independent of all contingencies, an amount exceeding $7,500, exclusive of costs." Stuart v. Stuart, 320 Mo. 486, 488, 8 S.W.2d 613, 614. A chance that in some subsequent proceeding the amount in dispute may exceed $7,500 does not lodge the instant appeal here. Stuart v. Stuart, supra; Higgins v. Smith, supra; Jenkins v. Jenkins, Mo., 251 S.W.2d 243, 245[3, 4]; National Surety Corp. v. Burger's Estate, Mo., 183 S.W.2d 93, 95[2].
We conclude the cause should be transferred to the St. Louis Court of Appeals. It is so ordered.
*5 WESTHUES and BARRETT, CC., concur.
PER CURIAM.
The foregoing opinion by BOHLING, C., is adopted as the opinion of the court.
All concur.