**SIMMONS et al. v. CITY OF ST. LOUIS.**

No. 28960.

St. Louis Court of Appeals.

Missouri.

Feb. 16, 1954.

Rehearing Denied March 12, 1954.

Not to be reported in State Reports.

Kenneth Teasdale, St. Louis, Cobbs, Blake, Armstrong, Teasdale & Roos, and Charles E. Dapron, Jr., St. Louis, of counsel, for appellants.

Albert Miller, St. Louis, for respondent.

BENNICK, Judge.

This is a suit for a declaratory judgment which was brought by the members of the Civil Service Commission of the City of St. Louis for the purpose of having an adjudication as to whether, in fixing or recommending the salary of any officer or the rate of pay of any employee of the city, they may exceed a maximum limitation of $10,000 per annum. The city was named as the party defendant.

The present Charter of the City of St. Louis was adopted in 1914.

Section 8 of Article VIII of the Charter unequivocally provides that no salary under the city shall exceed $10,000 per annum.

The precise question for determination in this proceeding is whether such limitation was repealed by virtue of the adoption of the Civil Service Amendment, which has been incorporated in the Charter as Article XVIII, Sections 1 to 30.

The lower court held that Section 8 of Article VIII was not repealed by the adoption of the Civil Service Amendment, and that the Civil Service Commission, in fixing or recommending the salary of any officer or the rate of pay of any employee, was without authority to exceed the maximum limitation of $10,000 per annum.

Following the entry of such judgment, and after an unavailing motion for a new trial, the members of the commission gave notice of appeal to the Supreme Court upon the assumption that the city was being sued, not in its corporate or ministerial capacity, but in its capacity as a county or other political subdivision of the state. If the members of the commission had been correct in their conception of the capacity in which the city was being sued, the Supreme Court would of course have had exclusive appellate jurisdiction. Art. V, Sec. 3, Const. of 1945, V.A.M.S. The Supreme Court held, however, that the record did not affirmatively establish that the city was sued in such capacity, and consequently ordered that the case be transferred here. Holland v. City of St. Louis, Mo.Sup., 262 S.W.2d 1.

After transfer to this court it was ordered by the court that the present members of the commission be substituted for those who had been members of the commission when the case was tried and the appeal taken.

It is of course undisputed that the Civil Service Amendment contained no provision specifically repealing Article VIII, Section 8. In fact, the only provision of the amendment relating directly to repeal was Section 28, which merely announced in general terms that all provisions of the Charter and ordinances inconsistent with the amendment were thereby repealed. The question is therefore reduced to one of whether the maximum limitation of $10,000 per annum contained in Article VIII, Section 8, is inconsistent with the amendment or any of its provisions. If so, Article VIII, Section 8, was necessarily repealed by virtue of the enactment of the amendment. But on the other hand, if there is no complete inconsistency or repugnancy, and the two may stand and be applied together, then there was no repeal of Article VIII, Section 8, and it is still to be given the full force and effect for which its language plainly provides.

It is thus to be seen that while appellants disclaim any reliance upon the doctrine of repeal by implication, the question of whether a repeal has been accomplished is nevertheless to be determined by the same considerations that would have governed our decision if Section 28 had been entirely omitted from the amendment.

The basic theory upon which appellants predicate their contention of repeal is that the maximum limitation of $10,000 per annum is inconsistent with the declared objectives of the amendment as expressed in several of its provisions.

For instance, Section 2 of the amendment declares that it is the purpose of the amendment to provide a modern and comprehensive system of personnel administration for the city whereby economy and effectiveness in the personal services rendered to the city, and fairness and equity

to the employees and the taxpayers alike, might be promoted.

Section 2 further provides that fair and equitable rates of pay shall be provided with due consideration for both the employees and the taxpayers, and with due observance of the principle of like pay for like work and suitable differences in pay for differences in work.

Section 3 provides that in order to give effect to the purposes and requirements set forth in Section 2, the commission shall adopt rules which shall provide, among other things, for the development and recommendation to the Mayor and Aldermen of a systematic compensation plan with such amendments from time to time as may be necessary, and also for uniform scales of compensation for all positions of the several classes by grades, with due relationship among scales of compensation of the several grades.

Section 4 provides that the Mayor and Aldermen shall provide by ordinance for the adoption of a comprehensive compensation plan for the fixing of rates of pay of all employees in the classified service and amendments thereto on recommendation of the commission.

Section 7 imposes upon the commission the duty to recommend ordinances to the Mayor and Aldermen to provide for a compensation plan providing properly related scales of pay for all grades of positions.

Section 9 charges the Director of Personnel with the duty of devising and recommending to the commission a compensation plan consisting of scales of pay for the several grades or classes in due relation to each other and to rates prevailing for like employment in private industry.

The Director of Personnel testified as a witness for appellants that as a result of the ceiling of $10,000 as maximum compensation, there was not enough salary spread between the different jobs existing in the top grades; that there had been a continuous compression of compensation at the upper levels to the extent that some of the positions had been brought out of their true relationship; and that the amount of compensation which would be required as a maximum to attain the same balance between the maximum and minimum as existed when the amendment first went into effect would be $17,505 instead of the sum of $9,999.60 then in effect.

The same witness further testified that in order to provide fair and equitable compensation it would be necessary to fix compensation for certain positions, particularly in the field of public health, in excess of the sum of $10,000 a year, if the city was to obtain qualified persons to fill the positions; that it was difficult to interest professional people in entering public service as a career when there was a maximum salary limit of $10,000; and that the presence of an arbitrary maximum figure which forestalled the commission from taking into consideration the decreased purchasing power of the dollar prevented the fixing of fair and equitable rates of compensation.

Concluding that in order to perform the functions imposed upon it under the amendment, that is, to provide fair and equitable rates of compensation and to maintain a proper differential between the respective grades of positions, it was essential that compensation in excess of $10,000 per annum should be established for certain positions, the commission requested an opinion from the City Counselor as to whether the maximum limitation contained in Article VIII, Section 8, had been repealed by the adoption of the amendment.

The City Counselor gave an opinion that there was no inconsistency between Article VIII, Section 8, and the amendment, and therefore no repeal of the former by the latter.

The commission thereupon sought the advice of independent counsel, who gave an opinion contrary to that of the City Counselor.

Confronted with a justiciable controversy between itself and the city over its powers and duties under the amendment, the commission prosecuted this action for a

declaratory judgment, with the result already indicated in an earlier portion of the opinion.

Summing up, it is appellants' position that an arbitrary limitation of $10,000 per annum is inconsistent with the basic concept of the amendment, which requires fair and equitable rates of pay and suitable differences in pay for corresponding differences in work, whenever the commission finds as a fact that compensation in excess of $10,000 per annum is necessary to provide the fair and equitable compensation, and to maintain the principle of differences in pay for differences in work, as contemplated by the amendment.

Appellants say, in short, that the obligation imposed upon them under the amendment to provide fair and equitable rates of pay and suitable differences in pay for differences in work is mandatory and not subject to any limitation; that the amendment sets forth, within itself, all the factors which the commission must consider in fixing salaries for civil service officers and employees; and that the lower court was consequently in error in holding that the maximum limitation of $10,000 per annum was not inconsistent with the amendment, and particularly so since the amendment, by its own terms, must be liberally construed in order to effectuate its purpose.

While appellants have left nothing unsaid that might fairly be said in support of their position, we nevertheless cannot escape the conclusion that the lower court was right in holding that the maximum salary limitation of Article VIII, Section 8, was not repealed by the adoption of the amendment.

■ Where, as in this instance, there has been no repeal in specific terms although the situation is one where the framers of the amendment, if it had been their intention to repeal, would logically have been expected to express themselves in no uncertain language regarding the retention of such a vital provision as the salary limitation, the court is obviously in no position to say that the adoption of the amendment worked the repeal of the former provision unless the two are so irreconcilable and utterly repugnant to each other that both cannot reasonably stand together. On the contrary, any seeming inconsistency, if such there be, must be resolved by so construing the two provisions, if that is possible, that both may be preserved and be made to operate in harmony. Riley v. Holland, 362 Mo. 682, 243 S.W.2d 79; State ex rel. and to Use of George B. Peck Co. v. Brown, 340 Mo. 1189, 105 S.W. 2d 909; Graves v. Little Tarkio Drainage Dist. No. 1, 345 Mo. 557, 134 S.W.2d 70; 82 C.J.S., Statutes, § 291.

■ In this case there is no fatal inconsistency between the maximum salary limitation contained in Article VIII, Section 8, and the provisions of the amendment. By this we mean that there is no inconsistency in the sense that the two are so irreconcilable and so totally repugnant to one another that both cannot stand and be enforced together. Instead, the retention of both in the Charter simply means that in the performance of the duties enjoined upon it by the amendment, the commission must operate as best it can, subject to the limitation that no salary may exceed the sum of $10,000 per annum. This may indeed be difficult to do, especially in fixing salaries for the top positions and in maintaining a proper differential between the upper and the lower levels, but mere practical difficulty in the enforcement of the law does not permit any part of it to be disregarded.

While the wisdom of setting up such limitations may be debatable, their inclusion in Constitutions and Charters is not at all unusual. They are of course put there as a restraint upon the unbridled exercise of power, particularly as respects the expenditure of public money. The trouble is that however reasonable and proper they may have been at the time of their adoption, they may too often in the course of years and under changed conditions become wholly inadequate for the efficient administration of the function of

government to which they are related. This may in fact be true in the present instance, but if so, the remedy is by recourse to the people through an amendment of the Charter, and not to the courts which are without the power to make such an amendment under the guise of judicial construction. Crevisour v. Hendrix, 234 Mo.App. 1012, 136 S.W.2d 404; Stribling v. Jolley, Mo.App., 253 S.W.2d 519.

To multiply words upon the question would serve no useful purpose.

It follows that the judgment rendered by the circuit court should be affirmed, and it is so ordered.

ANDERSON, P. J., and RUDDY, J., concur.