Luther BLAIR and Marie Blair,
Appellants,

v.

R. K. HAMILTON, John Morris, Roy Temple
and Kenneth Dillon, Respondents.

No. 44443.

Supreme Court of Missouri.
Division No. 2.

July 25, 1956.

White & White and Roy V. Selleck, Rolla, for appellants.

Walker, Daniel, Clampett & Ritterhouse, Springfield, for respondent John Morris.

Breuer & Northern, Rolla, for respondents R. K. Hamilton and Roy Temple.

C. W. Terry, Camdenton, for respondent Kenneth Dillon.

EAGER, Presiding Judge.

This case is written on reassignment. Since we have determined that this court has no jurisdiction of the appeal, an extensive review of the facts will not be necessary. Appellants will be referred to as plaintiffs, and respondents as defendants. Plaintiffs, as owners, had leased a filling station and an adjacent building on Highway 66 in Pulaski County to defendant Hamilton for a term of one year beginning on August 9, 1950, at $300 per month, with a yearly renewal option for a period of ten years. The other defendants were supposedly subtenants. The present suit is one in unlawful detainer, instituted and tried in the Magistrate Court of Pulaski County; after appeal to the Circuit Court, the cause was transferred to Camden County on change of venue, and was tried there. The theory on which the case was tried and submitted (though somewhat more restricted than the complaint) was that the lease had been forfeited under the terms of Section 441.020 RSMo 1949, V.A.M.S., and that forfeiture had been declared and possession demanded, because the defendants had suffered a gambling device to be "set up or kept or used in a house or building" on the leased premises. Plaintiffs sought to recover an increased rental for the period of the alleged detention, with damages of $3,750 for waste because of alterations made in and alleged injury to a building on the premises. The jury returned a verdict on April 23, 1954, awarding plaintiffs restitution of the premises, rentals of $300 per month for the period of detention, beginning with February, 1953 and until the premises were restored to plaintiffs, and no damages for "waste and injury to the premises." Judgment was entered accordingly on April 23, 1954, with the rental awarded being doubled, namely, to $600 per month, by virtue of the statute, Section 534.330 RSMo 1949, V.A.M.S. Plaintiffs filed no after-trial motion. Three defendants filed a motion for judgment (all four having moved for a directed verdict at the close of the evidence) and in the alternative for a new trial. The other defendant filed a motion for new trial, but, by order, was permitted to join in the motion of the other three defendants. On May 15, 1954, the court sustained the joint motion for judgment, set aside the previous judgment, and entered judgment for all defendants on the ground that the plaintiffs had failed to prove the allegations on which the claimed forfeiture was based, and, therefore, that the court had erred in failing to sustain defendants' motion for a directed verdict. This judgment permitted the plaintiffs to collect the original rental under the lease, which had, in the meantime, been refused. In the alternative, the court sustained the motion for new trial for the erroneous admission of evidence. Plaintiffs appealed from this latter judgment on May 24, 1954.

It is the duty of this court to examine the record to determine its jurisdiction though the question be not raised by the parties. Blake v. Shower, 356 Mo. 618, 202 S.W.2d 895; Fanchon & Marco Enterprises v. Dysart, Mo., 189 S.W.2d 291. We have done so here, and are convinced that this court has no jurisdiction. Counsel for plaintiffs state that the verdict of the jury and the original judgment of the court "was in excess of $7,500." It is true that the aggregate amount of the original judgment, including the doubled rents, exceeded $7,500 and would have aggregated approximately $9,320 to the date of the judgment. Plaintiffs accepted this judgment and filed no after-trial motion;

in view of this, we need not consider the prayer of their petition for other and additional damages. Defendants had at all times been ready to pay, and had tendered from time to time, rentals at $300 per month as stipulated in the lease, so those amounts cannot possibly be considered to be in controversy; the final judgment allowed plaintiffs to collect the $300 per month. The only amount actually in controversy is the monetary difference between the amount of the judgment originally entered and the amount or value of the judgment entered by the court pursuant to defendants' motion. That difference inheres solely in the doubling of the rentals, and amounts, therefore, to $300 per month; as computed to the date of the final judgment, this difference is approximately $4,660; if we extend the computation to the date of the notice of appeal, we would add approximately $90. Generally, the monetary jurisdiction of this court is determined, as of the time of the appeal, and nothing occurring subsequently may be invoked to confer jurisdiction. Trokey v. U. S. Cartridge Co., Mo., 214 S.W.2d 526; Platies v. Theodorow Bakery Co., 334 Mo. 508, 66 S.W.2d 147; Stuart v. Stuart, 320 Mo. 486, 8 S.W.2d 613; Lange v. St. Louis Public Service Co., Mo., 233 S.W.2d 641. And it must affirmatively appear at that time, that an amount involving this court's jurisdiction is in controversy. Trokey v. U. S. Cartridge Co. and other cases, supra. Any increase in the amount involved here, as already discussed, would depend upon the continued retention of possession by the defendants after this appeal was taken. Of course, there is and can be no showing on that question in our record, and we may not speculate on jurisdictional facts. There is nothing in the record evidence to show as a ground of jurisdiction here that the future aggregate and actual rental value of this property during the remaining term of the lease is in excess of the rentals provided in the lease; and the acceptance by plaintiffs of the original judgment would seem to bar any theory of jurisdiction here based on an actual rental value in excess of $300 per month; and the duration of the future term is dependent upon the election of the defendants under the renewal option.

■ Title to real estate is not involved. There is no controversy whatever over the ownership of the property; the only issue aside from damages is the right of defendants to possession under a lease and the validity of the lease. Under such circumstances, title to real estate is not involved within the meaning of Sec. 3, Art. V, Missouri Constitution, V.A.M.S. Bussen v. Del Commune, Mo., 195 S.W.2d 666; General Theatrical Enterprises, Inc. v. Lyris, Mo., 121 S.W.2d 139; Blake v. Shower, 356 Mo. 618, 202 S.W.2d 895. The judgment here does not and could not directly affect or operate upon the title.

■■ The foregoing are the only possible grounds of jurisdiction here. We hold that neither is sufficient. We have considered the entire record and the respective briefs, with the exception of plaintiffs' reply brief, which is in direct violation of 42 V.A.M.S. Supreme Court Rules, Rule 1.08(e) and may, therefore, be disregarded. The case should be transferred to the Springfield Court of Appeals. **It is so ordered.**

All concur.