Dear Dr. Wilson and Mr. Bockenkamp:
This letter is in response to your opinion request in which you asked the following questions:
 1. Does § 198.425, RSMo Supp., 1975, exclude from admission to boardinghouses those declared legally incompetent pursuant to Chapter 475, RSMo?
 2. Does § 198.425 exclude from admission to boardinghouses those who are incompetent in the judgment of attending staff but who have not been adjudicated legally incompetent, pursuant to Chapter 475, RSMo?
 3. Does § 202.185 RSMo 1978 permit the placement in boardinghouses of any mentally ill patient, whether adjudicated legally incompetent pursuant to Chapter 475 RSMo, or believed by attending staff to be incompetent absent a judicial declaration?
 4. Does § 202.193 RSMo 1978 permit the placement in boardinghouses of mentally retarded patients?
 5. Is the Department obligated to remove patients currently residing in boardinghouses who have been adjudicated legally incompetent, who are believed by attending staff to be mentally incompetent, or who are mentally retarded?
The answer to these questions depends on resolving an apparent conflict between the cited statutory sections.
Section 198.400 defines a "boardinghouse for the aged" as a place
 "catering to and providing care incidental to old age to . . . persons who are sixty years of age or over, all of whom are able to care for themselves . . . and are provided with shelter, board, or laundry . . . but this term shall not include any facilities licensed under the provisions of sections 198.011 to 198.360" (emphasis supplied).
Section 198.425 excludes certain groups from admission into boardinghouses, stating that
 "No boardinghouse shall admit or care for persons who require the services of a nurse or attendant or who are in need of personal services other than occasionally. No boardinghouse shall admit or care for persons who have been declared as mentally incompetent or who are mentally retarded or for persons addicted to the use of narcotics so as to have lost the power of self-control" (emphasis supplied).
In apparent contrast, Section 202.185 allows the head of a mental health facility to place "any patient, whether voluntary or involuntary, in a licensed boardinghouse . . ." (emphasis supplied). Similarly, the head of a mental retardation facility "may place any patient, whether voluntary or involuntary, in a licensed boardinghouse . . ." Section 202.193. The two sections also provide for consultation with and the consent of a guardian prior to placement of a ward, sanctioning implicitly the placement in licensed boardinghouses of the mentally incompetent.
Because of this apparent conflict in the statutes, it is necessary first to determine whether sections 202.185 and 202.193, effective January 2, 1979, repealed section 198.425 by implication.
Section 198.425 has not been repealed explicitly and therefore could have been repealed only implicitly. However, application of the rules of statutory construction leads to the conclusion that section 198.425 has not been repealed.
Repeal of a statute by implication is not favored, Rileyv. Holland, 243 S.W.2d 79,362 Mo. 682 (1951), and occurs only when necessary, White v. Greenway, 263 S.W.2d 104,303 Mo. 691 (1924). If statutory sections conflict, the section treating the subject "in a minute and particular way will prevail over one of a more general nature. . ." Vining v. Probst,186 S.W.2d 611 (Mo.App. 1945).
Section 198.425 excludes specific types of individuals from boardinghouses for the aged. In contrast, sections 202.185 and 202.193 are "of a more general nature" and establish the general placement authority of heads of mental health facilities. Therefore, it is our opinion that Section 198.425 has not been repealed by Sections 202.185 and 202.193.
Section 198.425 explicitly excludes from admission into boardinghouses for the aged the "mentally retarded" and those "who have been declared as mentally incompetent." The phrase "mental retardation" is defined in Section 202.010(17), RSMo 1979, which includes the requirement that mental retardation be "diagnosed by clinical authorities as such." Those individuals meeting this definition are not eligible for admission into boardinghouses for the aged.
It is more difficult to ascertain the meaning of "declared as mentally incompetent." The section under discussion provides no definition of the term "declared," and one can only infer that the phrase refers to those "adjudicated" incompetent in a judicial proceeding pursuant to Chapter 475. It is our opinion that this inference is correct, primarily because there is little if any evidence to support another meaning.
A person may be adjudicated incompetent "of either managing his property or caring for himself or both." Section 475.010(3) The two types of guardianship are "separate and distinct." Op. Atty. Gen. No. 25, Duval 7-9-59. It is clear that a person adjudicated incompetent because incapable of "caring for himself" cannot be admitted to a boardinghouse for the aged, since by definition such a facility may admit only those "all of whom are able to care for themselves." Section 198.400 RSMo 1978.
It is less clear that those individuals having only guardians of the estate fall within the exclusion. A guardian of the estate is concerned only with the financial affairs of the ward, see Section 475.130 RSMo 1979. However, there is no evidence that the legislature wished to distinguish between those individuals adjudicated legally incompetent and absent any evidence we cannot attribute such a wish to the legislature.
Therefore, it is our opinion that section 198.425 excludes from admission into boardinghouses for the aged the mentally retarded and those adjudicated incompetent pursuant to chapter 475.
In sum, we answer the questions contained in this request in the following manner:
 1. Section 198.425 does exclude from admission into boardinghouses for the aged those declared legally incompetent pursuant to Chapter 475.
 2. Section 198.425 does not exclude from admission into boardinghouses for the aged those not declared incompetent pursuant to Chapter 475 but deemed incompetent in the judgment of attending staff. However, those individuals must meet the other statutory criteria for admission established by Section 198.400, et. seq.
 3. Section 202.185 did not repeal Section 198.425 and therefore does not allow the placement of those declared mentally incompetent in boardinghouses for the aged.
 4. Section 202.193 did not repeal Section 198.425 and therefore placement of the mentally retarded in boardinghouses for the aged is not permitted.
Question five of this request asks whether the Department of Mental Health is obligated to remove from boardinghouses for the aged those patients in its care who are mentally retarded or who have been adjudicated incompetent. That is a question which the Department of Mental Health must resolve. However, it should be noted that the Omnibus Nursing Home Act of 1979, effective September 28, 1979, repeals Sections 198.400 and 198.425 and Senate Bills Nos. 328, 432, 35 and 419, 80th General Assembly, establishes new criteria for admission into boardinghouses for the aged. The criteria are as follows:
 "Section 24.1. A residential care facility or adult boarding facility shall admit or retain only those persons who are capable mentally and physically of negotiating a normal path to safety using assistive devices or aids when necessary, and who are substantially capable of caring for their personal needs within the limitations of such facilities, and who do not require hospitalization or intermediate skilled nursing care."
This language eliminates the exclusion from boardinghouses of certain types of individuals. Instead, the determination of a person's fitness for admission is made on a case by case basis applying the criteria established by statute.
The section cited becomes effective September 28, 1979. In our opinion, the individuals excluded from admission under the existing statutory language should not be removed wholesale from the boardinghouses in which they reside currently, given the likelihood that many would be eligible for return on September 28. Rather, we suggest that the Department of Mental Health evaluate under the new criteria those patients it has placed in boardinghouses. If the individual meets the statutory criteria, he or she should be allowed to remain in the boardinghouse.
Very truly yours,
 JOHN ASHCROFT Attorney General